# Commonwealth *v.* Quaker City Cab Co., Appellant.

*Appeals—Intervention—Party without interest—Res judicata—Stare decisis—Oral argument—Supreme Court Rule 61.*

1. On appeal, one will be permitted to intervene as a party only when he has such an interest in the cause of action or defense, that a final judgment in the suit will directly affect him under the rule of res judicata, or by subjecting him to execution, or where it may fix or affect his liability to a party on the record.

2. The mere circumstance that such judgment may indirectly affect the petitioner, under the rule of stare decisis, is not sufficient to entitle him to intervene; but such a fact is sufficient to bring him within Rule 61 of the Supreme Court, permitting the serving and filing of briefs.

3. If the party filing briefs desires to participate in the oral argument, he should confer with counsel of record, and, if possible, arrange, with the approval of the court, as to the division of time.

Petition of the Yellow Cab Company of Pittsburgh to intervene as a party appellant in No. 24, May T., 1926, and to be allowed to take part in the argument.

PER CURIAM, April 13, 1926:

The Quaker City Cab Company of Philadelphia has appealed from an order of the court below and the Yellow Cab Company of Pittsburgh has filed a petition averring generally that it is "vitally interested and financially concerned in said case"; but the petition shows no direct interest possessed by the Yellow Cab Co. in the particular litigation. The latter, nevertheless, prays that it "be permitted to intervene as a party appellant in the above proceedings," to "file printed briefs" and to "take part in the oral argument."

On appeal, one will be permitted to intervene as a party only when he has such an interest in the cause of action or defense that a final judgment in the suit will directly affect him under the rule of res judicata, or by subjecting him to execution, or where it may fix or affect his liability to a party on the record; and the mere circumstance that, as here, such a judgment may indirectly affect petitioner, under the rule of stare decisis, is not sufficient to entitle him to intervene; such a fact, however, is enough to bring him within Rule 61 of this court, which provides: "Any one interested in the questions involved in an appeal, though not a party to it, may, before the time fixed for argument and without applying for leave so to do, serve upon appellants and appellees a brief in regard to those questions, and file twenty-one copies thereof with the prothonotary, for distribution as hereinafter set forth."

The prayer for leave to intervene as a party appellant is denied, but petitioner may file briefs under the above Rule 61. The prayer to be allowed to participate in the oral argument will be considered at the time of argument; in the meantime, it is suggested that counsel for petitioner should confer with counsel for appellant and arrange, subject to our approval, for the division of such time as may be allowed to appellant for the presentation of its case.