## State Board of Undertakers (et al., Appellant) *v.* Joseph T. Sekula Funeral Homes, Inc.

Argued May 6, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

310

*Abraham Friedman,* with him *Samuel Handler,* for appellant.

*Wm. A. Schnader,* of *Schnader & Lewis,* with him *Gilbert W. Oswald,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 24, 1940:

The State Board of Undertakers, of its own motion, issued citations to Benjamin J. Knight, William D. Harmon and the Joseph T. Sekula Funeral Homes, Inc., to show cause why their respective licenses to engage in the business of undertaking should not be revoked. The respondent corporation is the only one concerned in this appeal. It was alleged that all of its officers were not actively engaged in the conduct of its business, as required by Section 13 of the Act of June 10, 1931, P. L. 485. After two hearings, the Board made findings of fact sustaining this charge, and entered an order revoking the license and registration of the corporation.

An appeal was taken by respondent to the Court of Common Pleas of Dauphin County, as authorized by Section 10 of the Act of 1931 (amended by Section 1 of the Act of July 19, 1935, P. L. 1324), which permits an applicant or licensee to take such appeal from the refusal, suspension, or revocation of its license, and provides that "The action of said court shall be final." The court sustained the appeal and set aside the order of revocation upon the ground that the amendatory act of June 21, 1935, P. L. 398, had repealed that portion of

Section 13 of the Act of 1931 requiring that all of the officers of corporations engaged in undertaking be licensed undertakers, and actively participate in the conduct of the business.*

Thereafter the Board filed with the court below a petition for re-argument, and on the same day the Funeral Directors' Association of Philadelphia and Vicinity, a corporation, petitioned for leave to intervene as a party plaintiff, alleging that the Board was given no right by statute to appeal the case to a higher court, and that the Association wished to acquire the status

---

* The Act of 1931, P. L. 485, Section 13, provided as follows: "Section 13. The provisions of this act shall not be construed as preventing the conducting of the business or profession of undertaking by a corporation heretofore licensed; *or by a corporation, all the officers of which are duly licensed undertakers actively engaged in the conduct of the business of said corporation* if such corporation is registered by and conforms with such rules and regulations as the board may prescribe with relation thereto; and no branch licenses shall hereafter be granted any corporation." (Italics supplied.)

As amended by the Act of 1935, P. L. 398, Section 13 now reads as follows: "Section 13. (a) The provisions of this act shall not be construed as preventing the conducting of the business or profession of undertaking by a corporation heretofore licensed if such corporation is registered by and conforms with such rules and regulations as the board may prescribe with relation thereto; and no branch licenses shall hereafter be granted any corporation. (b) The board shall not hereafter issue licenses to, nor register any corporation, nor shall any corporation be permitted to conduct the business or profession of undertaking which has not already been licensed and registered."

As the court below said: "It will be observed that the words *'or by a corporation, all of the officers of which are duly licensed undertakers actively engaged in the conduct of the business of said corporation'* were stricken out of the 1935 amendment; and therefore, under said amendment of 1935 a corporation duly licensed and registered may practice undertaking if it 'conforms with such rules and regulations as the board may prescribe with relation thereto', provided, of course, said corporation was duly licensed and registered to practice undertaking before the Act of 1935 was passed. This appellant was registered in 1934."

of an intervener in order that such appeal might, if necessary, be taken. No other ground for intervention or interest in the proceeding was set forth. In both the petition for re-argument and the petition to intervene it was urged that this Court, in the case of *State Board of Undertakers v. Frankenfield et al.*, 329 Pa. 440, had decided that the Act of 1935 did not repeal Section 13 of the Act of 1931 so as to eliminate the requirement of that Section that all of the officers of a corporation should be licensed undertakers actively engaged in the conduct of its business. The court permitted the Funeral Directors' Association to intervene, but affirmed its prior order reversing the Board's action. This appeal has been taken by the Association.

In the first place it may be stated that in our decision in the Frankenfield case we did not consider the question of the effect of the amending Act of 1935 upon the Act of 1931. The opinion itself shows that our review was expressly limited to a determination of the questions whether the court below had jurisdiction and whether the proceedings were regular. This, of course, was in accordance with the established rule, where a statute provides that the action of the court below shall be final or where it expressly denies an appeal: *Rimer's Contested Election*, 316 Pa. 342; *Grime v. Dept. of Public Instruction*, 324 Pa. 371.

In the present case the Association is confronted with the more serious question whether it has standing to maintain this appeal. It is clear that it cannot be considered as a party in interest to the proceedings in the court below in the absence of a special statutory provision to that effect. The Association bases its claim of intervention upon Section 10 (b) of the Act of 1931 as amended, which reads: "Any association of funeral directors or any party in interest shall be entitled to be heard by the board." It is apparent from this provision that the legislature distinguishes between such associations and parties in interest. It is to be noted that

Clause (a) of the same Section of the Act provides for appeals to the court of common pleas, and limits the right to "any applicant or licensee whose license has been refused, suspended or revoked by the board . . ." It seems clear that the privilege to appear and be heard before the board, as conferred by the Act upon an association of funeral directors carries with it no right to prosecute an appeal from the Board to the court of common pleas, or thereafter to an appellate court. The language of the statute is unmistakable, and admits of no other conclusion.

To permit this Association, a stranger to the proceedings with no direct interest therein, to prosecute this appeal without any statutory authorization, would be opposed to settled legal principles. See *Lansdowne Board of Adjustment's Appeal*, 313 Pa. 523.

The appeal is dismissed at cost of appellant.