Opinion by
 

 Rhodes, P. J.,
 

 This is an appeal from an order of the Pennsylvania Public Utility Commission approving-the application of the Pennsylvania Railroad Company for the construction of three crossings at grade in the City of Pittsburgh. Industrial siding tracks would cross at grade Liberty
 
 *550
 
 Avenue, Fourteenth Street, and Sixteenth Street, and provide rail connection with proposed warehouses to be constructed by the Company.
 

 Following a hearing, the Commission by its order of June 6, 1949, denied the application. The Company presented a petition for rehearing, and, by order of July 25, 1949, rehearing was granted. After rehearing, at which additional testimony was submitted, and reconsideration, the Commission by its order of December 19, 1949, rescinded its prior order and approved the application.
 

 The Commission found that the record, as supplemented, established the need for the construction of new warehouses in the City of Pittsburgh; that the most economical and reasonable method for the Company to provide railroad facilities at the location of its proposed warehouses was by means of the construction of the crossings at grade as originally proposed by the Company; and that the traveling public would be protected adequately by provisions regarding safety devices and by the restricted use and method of railroad operation, which are imposed upon the Company by the Commission’s order.
 

 The Arsenal Board of Trade, a nonprofit corporation, filed its petition for appeal in this Court on January 24, 1950.
 
 [1]
 
 We permitted the Company to intervene and be added as a party-appellee. On February 3, 1950, the intervening appellee filed its answer to the petition for
 
 *551
 
 appeal, and also filed a motion to quash the appeal of the Arsenal Board of Trade.
 

 On April 14, 1949, appellant, by its secretary, had filed a protest “against the proposed railroad crossing at 16th and Liberty Ave., Pittsburgh” on the ground that “this crossing would be a detriment to the Lawrenceville business district.” Appellant did not petition to intervene as a party before the Commission, and it filed no appearance in its own name or by counsel. Witnesses who identified themselves as representatives of appellant testified in their own behalf, as well as for the organization, in opposition to the Company’s application, and mentioned alleged hazards to the traveling public that the proposed crossings would create. Testimony was received from a number of individuals and organizations in opposition to the construction of the crossings. Likewise, testimony was presented in support of approval of the project, including that of other utilities. The City of Pittsburgh and the Company had entered into an agreement approving the project.
 

 We are of the opinion that the appeal must be quashed for want of a qualified appellant.
 

 The record
 
 [2]
 
 contains nothing to indicate that appellant in its corporate capacity will be affected by the Commission’s order, or that any prospective use of these crossings by its members will be other than in their individual capacities as members* of the general public. The record is also devoid of evidence that the business of members of the appellant would be adversely affected by the proposed crossings.
 

 Every person who files a protest in a proceeding pending before the Commission, and who is given an opportunity to testify, is not ipso facto a party to the
 
 *552
 
 proceedings with a right to maintain an appeal from the Commission’s order. Cf.
 
 Seitz Liquor License Case,
 
 157 Pa. Superior Ct. 553, 556, 43 A. 2d 547;
 
 State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc.,
 
 339 Pa. 309, 313, 14 A. 2d 308; section 1001 of the Act of May 28,1937, P. L. 1053, 66 PS §1391. It may be that civic organizations such as appellant should have the right to intervene before the Commission, and also to appeal in utility cases which involve a community interest. But the statute here limits the right of appeal from the Commission’s order to “any party to the proceedings affected thereby.” Cf.
 
 Penn Harris Hotel Co. v. Pennsylvania Public Utility Commission,
 
 166 Pa. Superior Ct. 394, 71 A. 2d 853. Section 1101 of the Public Utility Law of May 28,1937, P. L. 1053, 66 PS §1431, provides as follows: “ (a) Within thirty days after the service of any order by the commission, unless an application for a rehearing may be pending, and then within thirty days after the service of the order refusing such application, or the service of an order modifying, amending, rescinding, or affirming the original order, any party to the proceedings affected thereby may appeal therefrom to the Superior Court.”
 

 The right to appeal requires that an appellant be (1) a party to the proceedings, and (2) affected thereby. The matter of parties in admistrative proceedings is basically statutory. “Party to the proceedings” is not specifically defined. Whether a particular person shall have the right to contest administrative action is largely a question of law dependent upon a number of variable factors. Among them are the nature and the extent of the person’s interest, the character of the administrative act, and the terms of the statute. A party to the proceedings is one who is a party in a legal sense, and who has been made or has become such in some mode prescribed or recognized by the law, so that he is bound by the proceeding. 31 Words and Phrases p. 319. Appellant did
 
 *553
 
 not become a party by intervention or by any other mode prescribed or recognized by the law. Nor did appellant have such an interest in the proceeding as would make it a person “affected” thereby. As the Supreme Court, quoting
 
 Lansdowne Borough Board of Adjustment’s Appeal,
 
 313 Pa. 523, 525, 170 A. 867, stated in
 
 Pennsylvania Commercial Drivers Conference v. Pennsylvania Milk Control Commission,
 
 360 Pa. 477, 483, 62 A. 2d 9, 13: “ ‘A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject-matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.’ ” See, also,
 
 Giammaria Liquor License Case,
 
 166 Pa. Superior Ct. 263, 70 A. 2d 402. Appellant’s lack of qualification to appeal arises from the record which fails to show that appellant was affected by the proceedings or order of the Commission, that it had an immediate or substantial interest in the subject matter, or that it has any right to appeal on behalf of others or the public generally. The Commission could not enlarge the statutory right of appeal by any action it took with regard to appellant.
 
 State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc.,
 
 supra, 339 Pa. 309, 14 A. 2d 308;
 
 Pennsylvania Commercial Drivers Conference v. Pennsylvania Milk Control Commission,
 
 supra, 360 Pa. 477, 62 A. 2d 9.
 

 Although the appeal must be quashed for the want of a qualified appellant, we have examined the record and are of the opinion that the question before the Commission was an administrative one; that there was substantial evidence with rational probative force to support the findings, determination, and order of the Commission; and that the Commission committed no error of
 
 *554
 
 law in the exercise of its administrative discretion.
 

 Under section 409(b) of the Act of May 28, 1937, P. L. 1053, 66 PS §1179, the Commission is vested with exclusive power to determine and prescribe, by regula-' tion or order, the points at which, and the manner in which, crossings may be constructed. This section also empowers the Commission to determine and prescribe the manner and conditions in or under which such crossings shall be maintained, operated, and protected to effectuate the prevention of accidents and the promotion of the safety of the public. Having determined that the crossings were necessary and proper in the public interest, and that they should be constructed at grade in the manner set forth in the Company’s petition, the Commission, exercising its powers under section 409, prescribed how they shall be operated and protected to promote the safety of the public. The Commission considered in this proceeding the interest of the public and the public safety.
 
 St. Peter’s Roman Catholic Congregation of McKeesport v. Pennsylvania Public Utility Commission,
 
 161 Pa. Superior Ct. 64, 69, 54 A. 2d 92;
 
 Pennsylvania Railroad Co. v. Pennsylvania Public Utility Commission,
 
 154 Pa. Superior Ct. 86, 91, 92, 35 A. 2d 588. Upon the rehearing the Company submitted detailed plans, estimates, and.data concerning the results of an exhaustive study of the problem. All those who testified against the construction of the proposed crossings agreed that additional warehouse facilities were needed in the City of Pittsburgh. The Commission considered each of seven alternative schemes of access to the proposed warehouses, and found each to be inadvisable and that the construction of the crossings at grade as applied for was the most economical and reasonable method of providing railroad facilities for the proposed warehouses.
 

 The appeal is quashed.
 

 [1]
 

 Appellant’s petition for appeal sets forth: “Appellant, Arsenal Board of Trade, is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania for the purpose of encouraging and protecting trade and commerce by discussing and taking action upon questions that affect the commercial interests and progress and general development of the City of Pittsburgh and particularly that part of the said City which is known as Lawrenceville.”
 

 [2]
 

 “Any appeal to the Superior Court shall be determined upon the record certified by the commission to the court.” Section 1107, Act of May 28, 1937, P. L. 1053, 66 PS §1437.