## Smith, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Hubert P. Earle,* with him *William L. O'Hey, Jr.* and *Riely, Powell, Earle & Wetherill,* for appellants.

*Harris J. Latta, Jr.,* Assistant Counsel, with him *Lloyd S. Benjamin,* Counsel, for Pennsylvania Public Utility Commission.

*Peter Platten,* with him *Hamilton C. Connor, Jr.,* and *Ballard, Spahr, Andrews & Ingersoll,* for Philadelphia Transportation Company, intervenor, appellee.

OPINION BY RHODES, P. J., December 29, 1953:

This is an appeal by certain individuals from an order of the Pennsylvania Public Utility Commission of June 30, 1953, granting the Philadelphia Transportation Company a certificate of public convenience evidencing commission approval of abandonment of street

railway service on its Rail Route 18[1] in the City of Philadelphia.

The principal question presented to us is whether the appeal should be quashed for want of a qualified appellant. On this question the following facts are important: The Company's application for discontinuance and abandonment of street railway service on its Rail Route 18 was filed with the Commission on November 5, 1952. Notice of the application and of the time and place of hearing was posted by the Company in cars on Rail Route 18. Notice was also given by publication. No protests were filed prior to hearing which was held on January 19, 1953. At the hearing Thomas I. Guerin, Esq., appeared "for residents of First Councilmanic District." There also appeared at the hearing Bernard Watman who testified in opposition to the proposed abandonment on behalf of the Point Breeze Avenue Business Men's Association. Mr. Watman had offered in evidence petitions containing several thousand signatures in which the proposed abandonment was opposed. On objection by counsel for the Company the Commission refused to make these petitions a part of the record, and they were received only as a part of the Commission's correspondence folder. The Company presented evidence at length at the hearing in support of its application. On June 30, 1953, the Commission entered its order approving the application, and directing the issuance of a certificate of public convenience evidencing such approval.

On July 11, 1953, the individual appellants filed with the Commission what in substance amounted to a petition for rehearing. The Company filed an an-

---

[1] This route is between the intersection of Twenty-third Street and Snyder Avenue and the intersection of Front and Market Streets.

swer to the petition. On July 24, 1953, appellants filed a supplemental petition for rehearing with the Commission alleging, inter alia, irreparable harm to users of the service, and seeking an order restraining the Company from further action pending disposition by the Commission of the petition for rehearing.

The Commission denied appellants' petition for rehearing under date of July 27, 1953. The individual appellants filed the present appeal, together with a petition for supersedeas, in this Court on July 29, 1953. On September 1, 1953, the Company, having sought and obtained permission to intervene as a party appellee in this Court, filed a motion to quash the appeal. The Commission likewise filed a motion to quash on the ground that none of the appellants was a party in interest with the right of appeal. Appellants filed an answer to the Company's motion to quash.

On September 9, 1953, Bernard Watman petitioned this Court to be allowed to intervene as an appellant in his individual capacity. The Commission and the Company filed answers to Watman's petition, and alleged therein that Watman was not a proper party to appeal, and that even if he had been qualified to appeal he did not take an appeal within the statutory period of thirty days and consequently should not be permitted to become a party appellant by means of intervention.

By stipulation of the parties, only the motions to quash and the petition of Bernard Watman to intervene are to be considered at this time, and they were the only matters presented on oral argument.

The appeal must be quashed for want of a qualified appellant. In order to have the right of appeal an appellant must be (1) a party to the proceedings, and (2) affected thereby. *Arsenal Board of Trade v. Pennsylvania Public Utility Commission,* 166 Pa. Su-

perior Ct. 548, 552, 72 A. 2d 612. We have defined more specifically the necessary qualifications of a party taking an appeal from an order of the Pennsylvania Public Utility Commission in the recent cases of *Commuters' Committee v. Pennsylvania Public Utility Commission*, 170 Pa. Superior Ct. 596, 599, 600, 88 A. 2d 420; and *Rydal-Meadowbrook Association v. Pennsylvania Public Utility Commission*, 173 Pa. Superior Ct. 380, 383, 384, 98 A. 2d 481.

The record of the proceedings in the present case does not disclose that any one of the appellants is qualified to appeal. No one of the individuals taking the appeal to this Court filed a formal protest or became a party to the proceedings before the Commission. Cf. *Pittsburgh v. Pennsylvania Public Utility Commission*, 158 Pa. Superior Ct. 229, 234, 44 A. 2d 614. And none attended the hearing before the Commission. Nor does it appear of record that the individuals named as appellants were users of the service sought to be abandoned. The presence of the individual names on a petition objecting to abandonment, which was not received in evidence, did not make appellants parties of record or to the proceedings otherwise. Neither the appearance of counsel for "residents of the First Councilmanic District" nor of Bernard Watman for Point Breeze Avenue Business Men's Association brought about the existence of a required party to the proceedings affected thereby. In its appearance by a member before the Commission, the unincorporated association was in the same position as a similar group in *Arsenal Board of Trade v. Pennsylvania Public Utility Commission, supra,* 166 Pa. Superior Ct. 548, 553, 72 A. 2d 612, 615, where we stated: "Appellant's lack of qualification to appeal arises from the record which fails to show that appellant was affected by the proceedings or order of the Commission, that it had an immediate

or substantial interest in the subject matter, or that it has any right to appeal on behalf of others or the public generally." Lacking the qualifications of formal parties to the proceeding initially, appellants did not become such by reason of their petition for rehearing or by petition for appeal to this Court. Neither the Commission nor this Court can enlarge the statutory right of appeal. *Rydal-Meadowbrook Association v. Pennsylvania Public Utility Commission*, supra, 173 Pa. Superior Ct. 380, 98 A. 2d 481.

The petition of Bernard Watman to be allowed to intervene and to be added as a party appellant, filed in this Court on September 9, 1953, must be refused. Watman was not, in his individual capacity, or otherwise, a party to the proceedings before the Commission, and if he had been his appeal would have had to be taken to this Court within the thirty-day limitation as provided by statute. Section 1101 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1431. This petitioner cannot use the form of intervention to obviate the statutory time limit on appeals, and a court cannot extend the mandatory provision. *Fenerty Disbarment Case,* 356 Pa. 614, 619, 52 A. 2d 576; *Kaufmann & Baer Co. v. Landau,* 93 Pa. Superior Ct. 457, 461; *Haile Unemployment Compensation Case,* 174 Pa. Superior Ct. 86, 99 A. 2d 908.

Petitioner not being a party to the proceedings has no such status as would warrant intervention on appeal. Where there is no substitution or succession of interest, a person who has no direct interest and was not a party to the proceedings may not become a party appellant by intervention under section 1104 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1434. See 2 Am. Jur., Appeal and Error, p. 994, §244. Although not a party to the litigation and ineligible to appeal, one interested in the question involved in an

258

appeal may file a brief under Rule 46 of this Court. See *Com. v. Quaker City Cab Co.*, 286 Pa. 224, 133 A. 228.

The petition of Bernard Watman to be allowed to intervene as an appellant is refused, and the appeal is quashed.