## State Board of Funeral Directors v. Beaver County Funeral Directors Association

*Howard Dillan, Rhoads, Sinon & Reader,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, *Herbert B. Cohen,* Attorney General, for appellee.

NEELY, J., January 31, 1957.—This matter is here on appeal taken by the Beaver County Funeral Directors Association, a nonprofit corporation, under the Administrative Agency Law of June 4, 1945, P. L. 1388, as amended, 71 PS §1710.1, et seq. Appellant has prosecuted this appeal from action taken by the State Board of Funeral Directors, appellee. Appellant appeared before the board as a protestant representing the funeral directors of Beaver County. A brief history of this case as it is revealed in the record on this appeal is essential to an understanding of the issues before us.

In order to practice the profession of funeral director, one Nicholas S. Hayden was an applicant for examination and licensure by the board. In lieu of the educational requirements specified in section 3 of the Funeral Director Law of January 14, 1952, P. L. (1951) 1898, as amended, 63 PS §479.1, et seq., Hayden sought as a resident trainee to qualify for the required examination by virtue of his apprenticeship of 15 or more years to a licensed undertaker.[1] Hayden applied for examination and licensure prior to January 1, 1953, and his apprenticeship was a matter of controversy before the board.

---

[1] Section 3, 63 PS §479.3, supra, requires an examination for licensure as a funeral director, and specifies that an applicant for such examination should fulfill certain educational requirements and (c) "shall have completed two years as a resident trainee." However, section 3 (g) provides: "Any person applying for examination and licensure before the first day of January, one thousand nine hundred fifty-three, may offer, in lieu of the foregoing educational requirements, fifteen or more years' experience as an apprentice to a licensed undertaker or funeral director; and such person, until he shall have taken and passed the examination, shall be considered a resident trainee." In other words, this subsection provides that a person with the required 15 or more years' experience is qualified as a resident trainee to take the examination, even though he is deficient in the educational requirements otherwise specified in section 3.

After extensive hearings, the board, by letter dated June 20, 1955, accepted Hayden as a resident trainee with the required 15 years' experience which would entitle him to take the examination for licensure. An appeal from that action was taken to this court by appellant herein and on October 10, 1955, was withdrawn. Then, on May 7, 1956, the board scheduled a rehearing for May 15 concerning Hayden's apprenticeship and gave Hayden notice thereof.

On May 8, 1956, Hayden filed a complaint in mandamus in this court, no. 209, Commonwealth Docket, 1956, praying "for judgment against the Defendants, comprising the State Board of Funeral Directors, commanding them to transmit an identification card to Plaintiff so that he may take the examination for funeral director on May 16 and 17, 1956, and that he be permitted to take such examination."

The Attorney General likewise on May 8 filed his answer admitting all averments of the complaint and consented to the form of relief which plaintiff sought, whereupon on the same day this court entered the following consent decree:

"AND NOW, May 8th, 1956, upon due consideration of the within Complaint and Answer, Judgment is herewith entered against the Defendants, W. Judson Dean, William E. Lutz, Edward McCabe and Berwyn F. Mattison, being the Pennsylvania Board of Funeral Directors, and they are ordered to transmit an identification card to Nicholas S. Hayden, so that he may take the examination for funeral director on May 16 and 17, 1956, and that he be permitted to take such examination."

The pleadings in the mandamus action make reference to the board's action of June 20, 1955, accepting Hayden as a resident trainee, but make no reference to any procedures before the board subsequent to June 20, 1955. Upon being notified of the court's order

of May 8, 1956, the board continued the hearing scheduled for May 15, and from this order of continuance this appeal is prosecuted by the association on the ground that the continuance is an adjudication, which in effect permits Hayden to take the examination. By this appeal, appellant seeks to prevent Hayden from taking the examination on the ground that he did not have the necessary 15 years' experience.

The question that arises at the outset is whether appellant is a party in interest with a right to prosecute this appeal. The appellee argues that appellant is not such a party. In our judgment, under the Administrative Agency Law, only a person affected by a decision of an agency, who has an immediate and direct interest therein and is aggrieved thereby, has the right to have the adjudication of an administrative agency reviewed in this court. And persons who are only remotely and indirectly affected by an adjudication have no right to a judicial determination of any questions decided by an agency coming within the purview of the Administrative Agency Law. This conclusion on our part is based upon the clear provisions of the statute.

Section 2(c) of the Administrative Agency Law, 71 PS §1710.2(c), provides:

" 'Party' means any person who appears in a proceeding before an agency who has a direct interest in the subject matter of such proceeding."

And section 41 of the law, 71 PS §1710.41, states as follows:

"Within thirty days after the service of an adjudication . . . of the agency . . . any person aggrieved thereby who has a direct interest in such adjudication shall have the right to appeal therefrom. Such appeal shall be taken to the court of common pleas of Dauphin County."

Thus, we see that a "party" is defined as meaning a person having a direct interest, and an appellant can only be a person who is aggrieved by an adjudication and who has a direct interest in such adjudication.

Does the Beaver County Funeral Directors Association, which represented funeral directors in that county as a protestant before the board, have a direct interest in an adjudication pertaining to Hayden's licensure, and is that association an aggrieved party? We think the answer to both inquiries must be in the negative.

In our judgment, the very question involved in this case has been passed upon by our Supreme Court in State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc., 339 Pa. 309 (1940), wherein that court held that the Funeral Directors Association of Philadelphia had no direct interest which entitled it to take an appeal from the decision of this court reversing the action of the Board of Undertakers in revoking an undertaker's license under the Undertakers Act of June 10, 1931, P. L. 485. The Supreme Court stated, at page 312:

". . . It is clear that it (the Association) cannot be considered as a party in interest to the proceedings in the court below in the absence of a special statutory provision to that effect." (Parentheses supplied.)

It is interesting to note that in the Sekula case, the association invoked the provisions of the applicable statute which made substantially the same provisions as the Act of 1951.[2] We again quote from the Supreme Court's decision, at pages 312-313:

". . . The Association bases its claim of intervention upon Section 10(b) of the Act of 1931 (June 10, P. L.

---

[2] See Section 10(b) of the Amendatory Act of July 19, 1935, P. L. 1324, and compare that section with section 12 of the Act of 1951, 63 PS §479.12.

485—Act No. 153) as amended, which reads: 'Any association of funeral directors or any party in interest shall be entitled to be heard by the board.' It is apparent from this provision that the legislature distinguishes between such associations and parties in interest. It is to be noted that Clause (a) of the same Section of the Act provides for appeals to the court of common pleas, and limits the right to 'any applicant or licensee whose license has been refused, suspended or revoked by the board. . . .' It seems clear that the privilege to appear and be heard before the board, as conferred by the Act upon an association of funeral directors carries with it no right to prosecute an appeal from the Board to the court of common pleas, or thereafter to an appellate court. The language of the statute is unmistakable, and admits of no other conclusion.

"To permit this Association, a stranger to the proceedings with no direct interest therein, to prosecute this appeal without any statutory authorization, would be opposed to settled legal principles." (Parentheses supplied.)

Appellant in this case contends that section 12(b) of the act, 63 PS §479.12(b), confers upon it a right of appeal. This paragraph in part reads:

"Any association of funeral directors or any party in interest shall be entitled to be heard by the board in any proceeding under the Administrative Agency Law."

This section states that an association of funeral directors shall be entitled to be heard before the board. But under the Sekula case, clearly such association has no interest which entitles it to appeal, and the right to be heard before the board carries with it no right of appeal. This same conclusion has been reached by our appellate courts with respect to other

administrative boards and commissions, wherein they have denied the right of appeal to trade or professional associations and labor organizations, even though they appear as protestants in the administrative proceedings.

A board of trade had no status to appeal from an order of the Public Utility Commission pertaining to the construction of grade crossings, under section 1101 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1431, which provided that: "... any party to the proceedings affected thereby may appeal therefrom to the Superior Court": Arsenal Board of Trade v. Pennsylvania Public Utility Commission, 166 Pa. Superior Ct. 548 (1950).

A labor union had no status to appeal from an order of the Milk Control Commission under section 901 of the Milk Control Law of April 28, 1937, P. L. 417, 31 PS §700j-901, which provides that any person aggrieved by a general action, regulation or order of the commission may file an appeal in the Court of Common Pleas of Dauphin County, where the commission's order continued in effect a restriction on wartime milk deliveries: Pennsylvania Commercial Drivers Conference v. Pennsylvania Milk Control Commission, 360 Pa. 477 (1948). And "Neither the appearance of counsel for 'residents of the First Councilmanic District' nor of Bernard Watman for Point Breeze Avenue Business Men's Association brought about the existence of a required party" affected by any order of the Public Utility Commission; hence, these organizations were not entitled to appeal to the Superior Court: Smith v. Pennsylvania Public Utility Commission, 174 Pa. Superior Ct. 252, 256 (1953).

We believe these cases clearly support our conclusion that the association, appellant in this case, was not an interested party. It had no direct interest and

was not an aggrieved party within the meaning of the Administrative Agency Law.

The pleadings in the mandamus case brought by Hayden in this court are before the court in this appeal. On their face they entitle plaintiff therein to the relief which he sought, and the Attorney General, who, under the Administrative Code, 71 PS §§192, 244, 292, is the legal advisor of the State Board of Funeral Directors, consented to the entry of judgment in favor of plaintiff in the mandamus proceeding.

Appellant in this proceeding has at no time challenged the validity of this court's judgment in the mandamus action. Being a stranger to that action, it could not successfully attack that judgment. Appellant, however, seeks an anomalous result, in that it endeavors by this appeal to prevent plaintiff in the mandamus action from having the very relief which this court granted him.

In other words, this appellant, who in our opinion is not a party in interest either in the mandamus action or in the administrative proceeding now on appeal, seeks to interfere with the operation of the judgment in mandamus, even though it had no status to intervene in the mandamus proceeding. We cannot permit plaintiff by its appeal to accomplish by indirection something which it has no right to do directly.

We have not considered the merits of the proceeding before the administrative agency, because we believe that the statutes involved and the decisions of our appellate courts cited herein preclude us from granting the relief which appellant seeks. For these reasons, the appeal must be quashed, and accordingly we herewith enter the following

*Order*

And now, January 31, 1957, the appeal is herewith quashed at the cost of appellant.