Department of Highways, Appellant, *v.* Pennsylvania Public Utility Commission et al.

Argued December 16, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Nelson M. Galloway,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, and *John R. Rezzolla, Jr.,* Chief Counsel, Department of Highways, for Department of Highways, appellant.

*Lewis J. Carter,* Assistant Counsel, with him *Thomas M. Kerrigan,* Counsel, for Public Utility Commission, appellee.

*Allen Lesley,* with him *H. Merle Mulloy,* for railroad, intervening appellee.

OPINION BY WRIGHT, J., March 18, 1959:

We are here concerned with a motion to quash this appeal. The proceeding originated March 7, 1949, upon the filing of a complaint by the County of Montgomery relative to a dangerous underpass on U. S. Route 202 in Lower Gwynedd Township. By order dated June 2, 1952, the Public Utility Commission directed relocation of the highway and reconstruction of the railroad bridge at that point. The order provided that, for the materials furnished and work performed by the Reading Company, it should be reimbursed by the Department of Highways, Montgomery County and Lower Gwynedd Township to the extent,

respectively, of twenty-five, eighteen and three percent. The estimated total cost of the project, including both highway relocation and bridge reconstruction, was $722,348.29. The record discloses that the improvement was completed on May 15, 1955, and that the actual cost of the bridge reconstruction was $434,881.46, for portions of which amount the Reading Company was reimbursed in accordance with the Commission's order.

On July 7, 1956, the Reading Company filed with the Commission a petition for the reopening and rehearing of the proceeding and for the modification of the order of June 2, 1952, seeking further reimbursement from the Department of Highways on the ground that the Department had initiated a project with the Bureau of Public Roads of the United States for an allocation of federal funds. See *Department of Highways v. Pa. P. U. C.*, 179 Pa. Superior Ct. 376, 116 A. 2d 855; *Department of Highways v. Pa. P. U. C.*, 185 Pa. Superior Ct. 418, 138 A. 2d 143. The eventual result was an order by the Commission under date of April 21, 1958, reallocating the costs of construction and directing that the Department pay to the Reading Company, the County of Montgomery and Lower Gwynedd Township the sums, respectively, of $220,-000.00, $75,000.00, and $12,000.00. On May 9, 1958, the Department petitioned for reopening, rehearing and modification of the Commission's order of April 12, 1958. On July 16, 1958, the Commission addressed a letter to the Secretary of the Department of Highways which reads as follows: "This will advise you that in executive session on July 14, 1958, the Commission denied the petition of Department of Highways for reopening, rehearing, and modification of the Commission's order of April 21, 1958". This letter was received by the Department on July 17, 1958. The thirty-

day appeal period set forth in Section 1101 of the Public Utility Law[1] terminated on Saturday, August 16, 1958. This appeal was not filed until Monday, August 18, 1958.

Appellant's contentions are (1) that the letter of July 16, 1958, was not an order; (2) that its receipt by the Secretary of Highways did not constitute proper service; (3) that the appeal period could not terminate on a Saturday, but carried over to the following Monday; (4) that the Prothonotary's office of this court was not actually open on Saturday, August 16, 1958; and (5) that the circumstances warrant the allowance of an appeal nunc pro tunc. The intervening appellees contend that action taken by the Commission in executive session denying a petition for rehearing constitutes an order, and that this court is without jurisdiction to entertain an appeal which has not been timely filed. After thorough consideration of these respective contentions, we are all of the opinion that the appeal must be quashed.

Appellant first contends that the Commission should have issued a formal order, signed by its chairman, attested by its secretary under the Commission's seal, stating therein its reasons for dismissing the petition for rehearing. While Section 1005 of the Public Utility Law (66 P.S. 1395) provides that orders of the Commission must be supported by sufficient findings to enable the appellate court to pass upon the legal questions involved, see *Noerr Motor Freight v. Pa. P. U. C.*,

---

[1] "Within thirty days after the service of any order by the commission, unless an application for a rehearing may be pending, and then within thirty days after the service of the order refusing such application, or the service of an order modifying, amending, rescinding, or affirming the original order, any party to the proceedings affected thereby may appeal therefrom to the Superior Court": Act of May 28, 1937, P. L. 1053, Section 1101, 66 P.S. 1431.

180 Pa. Superior Ct. 62, 118 A. 2d 248, the purpose of the requirement is in aid of this court, and any complaint that the findings are insufficient should in reality come from us: *Pa. R. R. Co. v. Pa. P. U. C.*, 181 Pa. Superior Ct. 343, 124 A. 2d 685. The dismissal of a petition for rehearing is actually an affirmance of the order originally entered. There is no necessity for the Commission to adhere so strictly to form, or to set forth its reasons for the dismissal. It is important to note that, notwithstanding appellant's attack upon the Commission's letter, it accorded significance to it by seeking to appeal therefrom. In *Pittsburgh v. Pa. P. U. C.*, 171 Pa. Superior Ct. 391, 90 A. 2d 850, we made the following pertinent statement: "The present situation is the consequence of Commission action. If there was no order pro forma, there was an order de facto". The substance and not the form of Commission action is controlling on the question of whether a definitive order has been entered: *West Penn Power Co. v. Pa. P. U. C.*, 174 Pa. Superior Ct. 123, 100 A. 2d 110. In the case last cited, President Judge Rhodes observed: "Whether it was a final order in form under recognized standards of judicial and administrative action is not material, as it had the effect in law of an order of definitive character in these proceedings".

Appellant next contends that the order was not properly served. There is no requirement in the statute that notice of the refusal of an application for rehearing be served in any specified manner. Within its administrative discretion, the Commission has adopted and followed a policy of advising the parties by letter of the denial of petitions for rehearing. The letter dated July 16, 1958, shows on its face that it was received by the Department on July 17, 1958. Counsel for appellant admittedly had actual notice of the letter on July 24, 1958, allowing him 23 days before the passage of

the appeal period. We fail to perceive any justification whatever for the delay.

Appellant further contends that a terminal Saturday should not be counted against the Commonwealth in computing the appeal period. This argument is based upon Section 221 of The Administrative Code of 1929, P. L. 177, 71 P.S. 81, which provides as follows: "All administrative offices of the State Government shall be open for the transaction of public business at least eight hours each day, except Saturdays, Sundays and legal holidays. The hours when such offices shall open and close shall from time to time be determined by the Executive Board". The answer to this argument is found in several statutory provisions which have never heretofore been questioned. Section 1 of the Act of May 31, 1893, P. L. 188, as amended, 44 P.S. 11, designating public holidays provides in pertinent part: "The following days and half days . . . and every Saturday, after twelve o'clock noon until twelve o'clock midnight, each of which Saturdays is hereby designated a half holiday". The office of the Prothonotary of this court in Harrisburg (also in Philadelphia and Pittsburgh) is open for the transaction of business on Saturday mornings from 9:00 a.m. until noon. Section 1 of the Act of June 20, 1883, P. L. 136, 76 P.S. 172, relating to the computation of time provides: "Where by any existing law or rule of court, or by any law or rule of court that may hereafter be enacted and made, the performance or doing of any act, duty, matter, payment or thing shall be ordered and directed . . . and the period of time or duration for the performance or doing thereof shall be prescribed and fixed, such time in all cases shall be so computed as to exclude the first and include the last day of any such prescribed or fixed period, or duration of time: Provided, That whenever the last days of any such period shall fall on Sunday, or

on any day made a legal holiday by the laws of this Commonwealth, or of the United States, such day shall be omitted from the computation". Similarly, Section 38 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. 538, provides: "When any period of time is referred to in any law, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation". It is important to note that these statutory provisions made exception only for legal holidays. The circumstance that appellant's offices may be closed all day on Saturdays by virtue of The Administrative Code does not make Saturdays legal holidays, nor does it warrant the omission of a terminal Saturday in computing the time within an appeal must be taken.

Appellant further contends that, on Saturday, August 16, 1958, the Prothonotary of this court was ill and the Deputy Prothonotary was on vacation, and that the Harrisburg office was staffed only by a clerk. The gravamen of this contention appears to be that appellant "could not have made affidavit to the Notice of Appeal", which thus could not have been served immediately. Appellant asserts that, when the instant appeal was filed on Monday 18, 1958, "the clerk in the office of the Prothonotary was unauthorized to take the affidavit to the Notice of Appeal, and it was necessary to seek out a notary public in the Capitol to accomplish this". Appellant further asserts that "On Saturday, August 16, 1958, no such notary could have been found in the Capitol, all its offices being closed by law". The answer to this argument. is two-fold. First, we are not persuaded that in a city the size of

Harrisburg a notary's services could not have been obtained on Saturday morning. Second, and more important, while our Rule 43 provides that "Immediately upon taking his appeal, appellant shall serve notice thereof on the opposite party or his counsel", and while Section 1102 of the Public Utility Law (66 P.S. 1432) provides that "The commission shall be immediately notified in writing by the appellant of the taking of an appeal", there is no requirement either in the Rule or in the statute that proof of service of the notice be filed immediately.[2] Even if there was such a requirement, a reasonable construction of the word "immediately" would permit service of the Notice of Appeal on Monday, had the appeal itself been properly filed on Saturday.

Appellant's final contention is that the circumstances "justify an appeal nunc pro tunc". It is well settled that failure to perfect an appeal within the time allowed by law is a defect in the proceeding of which the appellate court must take notice, even on its own motion: *Fenerty Disbarment Case,* 356 Pa. 614, 52 A. 2d 576; *Dipple v. Pittsburgh,* 373 Pa. 307, 95 A. 2d 925. We are not empowered to extend the statutory time limit for filing an appeal: *Smith v. Pa. P. U. C.,* 174 Pa. Superior Ct. 252, 101 A. 2d 435. None of the possible exceptions to this rule appear in the instant record. See *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847. There was nothing misleading in the Commission's procedure, nor do we believe that appellant seriously complains that it was actually lead astray by the Commission. The

---

[2] Cf. Supreme Court Rule 43 requiring that appellant "shall promptly file in the court below proof of the service of such notices". It should be further noted that, while we have treated appellant's contention on the basis that an affidavit to the Notice of Appeal is necessary, such affidavit is not actually required.

mere allegation that this is a "hardship" case is not sufficient to justify the allowance of an appeal nunc pro tunc.

Appeal quashed.