## Cameron Estate

*A. W. Reese, Joseph G. Eidson, Jr., William M. Young* and *K. B. Martindale,* for petitioner.

*Alton W. Lick,* for respondent.

RICHARDS, P. J., August 17, 1960.—Mary Cameron died testate on October 8, 1959. Her will was probated in this county on October 20, 1959, and on the same date letters testamentary were issued to the Dauphin Deposit Trust Company. Under date of November 17, 1959, C. Maurice Hershey, Register of Wills of Lancaster County, appealed from the probate of said will. On November 20, 1959, premliminary objections to the appeal were filed on behalf of the executor and two residuary legatees. On November 23, 1959, appellant petitioned for the issuance of a citation. Upon examination of this petition it appeared that appellant was the Register of Wills of Lancaster County and that he contended that decedent died a resident of Lancaster County. The petition for citation was directed to all interested parties, including the executor and the two aforesaid residuary legatees. On the same date we handed down an order deferring action upon the petition, without prejudice. On December 31, 1959, appellant presented his petition for a rule to show cause why the preliminary objections should not be dismissed. The contention of this petition is that the preliminary objections were filed prematurely since they could be filed only after the issuance and service of the citation. We are therefore confronted with an extremely narrow issue, namely: Can preliminary objections be filed at this time and with the record in this shape?

We have not been able to find nor have we been advised of any rules pertaining to the orphans' court, either those promulgated by the Supreme Court or by this court, containing an answer to this question. Likewise, we can find no rules of civil procedure which clarify the issue, nor are we pointed to any statutory authorities or decisions. The main point of the preliminary objections is that appellant is not a party in interest, and therefore has no right to prosecute this appeal.

Goodrich-Amram §1013($b$)-7, p. 54, et seq., discusses the point here involved quite thoroughly. He there states that preliminary objections may sometimes be filed before a complaint is filed and served. He gives as an example a situation where a writ or summons has been issued and no complaint has been filed. The writ or summons may be attacked by preliminary objections. This is so because if the writ is faulty, the court has acquired no jurisdiction over defendant and he should therefore not be obliged to appear, much less answer a complaint subsequently filed. It is true that this discussion deals mostly with the question of jurisdiction and is not precisely in point. However, it does bring out the point that sometimes preliminary objections are available before a complaint is filed.

In the orphans' court a petition for citation is almost equivalent to a complaint at law since it sets forth the cause of action and joins the necessary parties. If, therefore, preliminary objections would lie to attack a summons or writ before a complaint was filed, it seems that at times, the same right ought to exist to file preliminary objections to an appeal before a citation is issued.

The preliminary objections in the instant case are practically equivalent to a motion to quash the appeal and it is predicated upon the proposition that appellant has no status to prosecute the appeal because he is not a party in interest. We are not obliged to determine that at present but it would seem that a person should not be obliged to answer a citation upon appeal brought by one who is not a party in interest and who therefore has no right to prosecute the appeal. In other words, the right of appellant to prosecute the appeal should be established before the citation is issued and before the case is decided on its merits.

In the present case, it would seem that the procedure will be resolved in three steps: (1) Determining whether preliminary objections are available at the present time; (2) deciding whether appellant is a party in interest; and (3) deciding the case on its merits.

It may be observed that there are cases in which the court of its own motion has dismissed an appeal because appellant was not a party in interest. Thus, in State Board of Undertakers v. Sekula Funeral Homes, 339 Pa. 309, as stated in the syllabus:

"A person who is a stranger to the proceedings with no direct interest therein may not, in the absence of statutory authorization, prosecute the appeal."

This case originated in Dauphin County, the opinion having been written by Judge Wickersham. Apparently Judge Wickersham took judicial notice of the lack of the right to prosecute the appeal and this determination was affirmed by the Supreme Court.

Again in Burns v. Pa. Milk Control Commission, 63 D. & C. 126, Judge Rupp of this court held that a party who is not aggrieved may not appeal even though opposing counsel does not object thereto and agrees that he is a party aggrieved. Judge Rupp took judicial notice of this situation in spite of counsel. This case went to the Supreme Court upon appeal, being reported in 360 Pa. 477. The Supreme Court not only affirmed the decision of Judge Rupp but, at page 483, stated:

"There is nothing to show that any of appellants is adversely affected by the order in the sense that he can be a person aggrieved by it within the meaning of Section 901. The restriction of the right of appeal to persons aggrieved is as old as paragraph 9 of the Act of May 22, 1722, I Sm. L. 131, 12 PS 1091. [Citing cases]."

As heretofore mentioned we do not know of any case in Pennsylvania which has ever held that a register of wills is an interested party, having the right to prosecute an appeal in another county. On the other hand, we are not deciding this matter at the present time.

It is our conclusion that the preliminary objections having been filed by parties that appellant wishes to cite, may properly be considered at the present time. Accordingly, we make the following

### Order

And now, to wit, August 17, 1960, objections to the filing of the preliminary objections at this time are dismissed.