Al Zeffiro Transfer and Storage Co., Appellant, *v.* Pennsylvania Public Utility Commission.

Argued April 13, 1961.   Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John A. Vuono,* with him *Henry M. Wick, Jr.,* and *Delisi and Wick,* for appellants.

*Daniel F. Joella,* Assistant Counsel, and *Joseph I. Lewis,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*Charles E. Thomas, Lloyd S. Benjamin,* and *Hull, Leiby & Metzger,* for intervening appellee.

OPINION BY ERVIN, J., June 15, 1961:

On March 26, 1957 the Pennsylvania Public Utility Commission instituted an inquiry and investigation on its own motion, under the provisions of the Public Utility Law, to inquire into and determine whether or not Moore-Flesher Hauling Company may lawfully transport sheet steel, steel bars, coils of steel and similar iron and steel articles under its authority at Application Docket No. 34122, Folders 1 and 2. On May 15, 1957 Moore-Flesher Hauling Company filed its answer thereto and admitted that it was transporting the above mentioned articles and averred that such transportation service was within the scope of its certificated authority. On September 19, 1960 the Commission found that Moore-Flesher Hauling Company had the requisite authority and that it was unnecessary, under the circumstances, to proceed further with the matter. The commission, therefore, ordered that its inquiry and investigation be terminated and the record closed.

On or about December 7, 1960 Al Zeffiro Transfer and Storage Co. et al. filed their petitions for a rescission of the commission's order of September 19, 1960 and sought to intervene and asked for a reopening of the commission's order and an oral hearing thereon. On January 17, 1961 the commission denied these petitions. Thereafter Al Zeffiro Transfer and Storage Co. et al. appealed. On March 6, 1961 we permitted Moore-Flesher Hauling Company to intervene. Moore-Flesher Hauling Company filed a motion to quash the eight appeals filed to Nos. 122-129 April Term, 1961. Al Zeffiro Transfer and Storage Co. filed an answer to the motion to quash.

After hearing oral argument upon the motion to quash we are of the opinion that the motion must be granted. Article XI, §1101, of the Public Utility Law

of May 28, 1937, P. L. 1053, 66 PS §1431, provides for an appeal by "any party to the proceedings affected thereby. . . ." The right to appeal is purely statutory and may not be enlarged either by the commission or by us: *Rydal-Meadowbrook Assn. v. Pa. P. U. C.,* 173 Pa. Superior Ct. 380, 98 A. 2d 481.

The right to appeal requires that an appellant be (1) a party to the proceedings and (2) affected thereby: *Arsenal Board of Trade v. Pa. P. U. C.,* 166 Pa. Superior Ct. 548, 552, 553, 72 A. 2d 612.

The appellants in the present proceeding were not parties to the proceeding before the commission and therefore they have failed to qualify as proper parties appellant. Appellants claim that they became parties to the proceeding as a matter of law because they were affected by the commission's order of January 17, 1961 denying their petition for a rescission of the commission's order of September 19, 1960.

In *Smith v. Pa. P. U. C.,* 174 Pa. Superior Ct. 252, 257, 101 A. 2d 435, we said: "Lacking the qualifications of formal parties to the proceeding initially, appellants did not become such by reason of their petition for rehearing or by petition for appeal to this Court."

Appellants also argue that they should have been given public notice of the proceedings instituted by the commission in this case. The statute does not require public notice under §1001, which relates to complaint proceedings, or §1008, which relates to investigations instituted on the commission's own motion.

The appeals are quashed.