## Funeral Directors Association of Philadelphia and Vicinity v. State Board of Funeral Directors

*A. Groh Schneider*, for plaintiff.

*Norman Ackerman*, Assistant Attorney General, for Commonwealth.

KREIDER, P. J., May 23, 1967.—Plaintiff, Funeral Directors Association of Philadelphia and Vicinity (association), filed a complaint in mandamus praying

this court to direct defendant, State Board of Funeral Directors (board), to file a formal adjudication of its decision both dismissing the charges of protest made by plaintiff against one William H. Beard and also granting him the privilege of practicing funeral directing in the Commonwealth of Pennsylvania.

The board filed preliminary objections in the nature of a demurrer to the complaint on the ground, inter alia: (1) that plaintiff has no standing to bring this action, and (2) that the complaint does not allege any action or conduct on the part of defendant board which is contrary to law.

Plaintiff contends it is a proper party and, as such, is entitled to bring this proceeding to compel the board to file an adjudication, from which the association apparently desires to take an appeal.[1] Plaintiff relies on section 2 of the Administrative Agency Law of June 4, 1945, P. L. 1388, as amended by the Act of September 28, 1951, P. L. 1561, 71 PS §1710.1, et seq., which provides:

"(c) 'Party' means any person who appears in a proceeding before an agency who has a direct interest in the subject matter of such proceeding.

"(d) 'Person' means any individual or organized group of any character, including partnerships, corporations and other forms of association, as well as Federal, State or local instrumentalities, political subdivisions or officers thereof".

Section 41 of said law, 71 PS §1710.41, states as follows:

"Within thirty days after the service of an adjudication ... of the agency ... any person aggrieved thereby who has a direct interest in such adjudication shall

---

[1] Paragraph 6 of the complaint avers: "No Adjudication has ever been filed by the State Board of Funeral Directors from which an appeal may be taken by your plaintiffs. ..."

have the right to appeal therefrom. Such appeal shall be taken to the court of common pleas of Dauphin County. . . ."

Plaintiff also relies on the Funeral Director Law of January 14, 1952, P. L. 1898, sec. 12(b), 63 PS §479.12, which provides in part:

"(b) Any association of funeral directors or any party in interest shall be entitled to be heard by the board in any proceeding under the Administrative Agency Law".

Plaintiff association's contention that it is a party which has a direct interest in this proceeding was rejected by this court in State Board of Funeral Directors v. Beaver County Funeral Directors Association, 10 D. & C. 2d 704 (1957), 70 Dauph. 118. There, in an opinion written by Judge Neely, it was stated at page 708:

"Thus, we see that a 'party' is defined as meaning a person having a direct interest, and an appellant can only be a person who is aggrieved by an adjudication and who has a direct interest in such adjudication.

"Does the Beaver County Funeral Directors Association, which represented funeral directors in that county as a protestant before the board, have a direct interest in an adjudication pertaining to Hayden's licensure, and is that association an aggrieved party? We think the answer to both inquiries must be in the negative.

"In our judgment, the very question involved in this case has been passed upon by our Supreme Court in State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc., 339 Pa. 309 (1940), wherein that court held that the Funeral Directors Association of Philadelphia had no direct interest which entitled it to take an appeal from the decision of this court reversing the action of the Board of Undertakers in revoking an undertaker's license under the Undertakers Act of June

10, 1931, P. L. 485. The Supreme Court stated, at page 312:

" '. . . It is clear that it (the Association) cannot be considered as a party in interest to the proceedings in the court below in the absence of a special statutory provision to that effect.' . . .

"It seems clear that the privilege to appear and be heard before the board, as conferred by the Act upon an association of funeral directors carries with it no right to prosecute an appeal from the Board to the court of common pleas, or thereafter to an appellate court. The language of the statute is unmistakable, and admits of no other conclusion.

" 'To permit this Association, a stranger to the proceedings with no direct interest therein, to prosecute this appeal without any statutory authorization, would be opposed to settled legal principles' ".

The only difference between the instant case and that of the Beaver County Funeral Directors Association is that there, the association took an appeal to this court from the action taken by the State Board of Funeral Directors. The association had appeared before the board as a protestant representing the Funeral Directors of Beaver County. In the instant case, plaintiff association has brought an action in mandamus and seeks to accomplish by indirection that which the courts have ruled it could not do directly. It appears that its purpose in bringing this action in mandamus is, in reality, to pave the way for an appeal by it from the decision of the board. Since a direct appeal by plaintiff does not lie, the association's "attempt to resort to mandamus is merely a veiled substitute for an appeal and is therefore improper": Highway Paving Company v. Board of Arbitration of Claims, 407 Pa. 528, 531 (1962), affirming 78 Dauph. 292.

And now, May 23, 1967, defendant's preliminary objections in the nature of a demurrer to plaintiff's com-

plaint in mandamus are sustained, said complaint is dismissed and judgment is hereby entered in favor of defendant, State Board of Funeral Directors.