# Armour Leather Co. et al. v. Alexander et al.

*Appeals — Interlocutory decree — Final decree — Amendment — Quashing appeal—New proceeding—Merits.*

1. No appeal lies by a plaintiff in a bill in equity from a refusal to allow an amendment, after final decree, but only from the final decree itself.

2. The fact that defendant's counsel did not prepare a final decree, and submit it to the court, is no excuse, inasmuch as the court can always prepare its own decree.

3. Even if it were admitted that counsel should have prepared the decree, an appeal from the decree refusing the amendment, would have to be quashed because of the lack of a final decree.

4. A decree not based on the merits does not stand in the way of a new proceeding.

Petition for reargument. Appeal, No. 146, Jan. T., 1923, by plaintiffs from order of C. P. No. 4, Phila. Co., June T., 1921, No. 4933, dismissing bill in equity in suit of Armour Leather Co. et al. v. Alexander et al.

*William A. Glasgow, Jr.,* and *Frederick M. Leonard,* for plaintiffs.

*Saul, Ewing, Remick & Saul,* for defendants.

PER CURIAM, February 26, 1923:

After argument the court below made a formal order dismissing plaintiffs' bill, on the ground of multifariousness, they refusing to amend, although tendered an opportunity so to do. No other decree was entered. More than six months thereafter, plaintiffs changed their minds and petitioned for leave to amend; this being refused, they entered the present appeal, which we quashed because taken too late. No appeal lies from a refusal to allow an amendment after final decree, but only from the final decree itself. Apparently recognizing this, plaintiffs now ask us to review our action, because, as

alleged, there was no final decree, since none was prepared by counsel for defendants and submitted, before entry, to counsel for plaintiffs, as it is claimed the equity rules require. We do not assent to this,—the court can always prepare its own decrees; but, if we did agree, we would have to quash the present appeal because, in that event, it would have been taken before there was a final decree. The decree, not being based on the merits, does not stand in the way of a new proceeding.

The petition for reargument is dismissed.