## Martino et al. v. Brockway Macaroni & Supply Co. et al.

*Morris & Morris* and *Smith & Maine,* for claimants.
*W. L. Henry* and *Barbour & Pontzer,* for defendants.

LONG, P. J., October 20, 1941.—This matter arises by virtue of a rule to show cause why claimants' appeal in the above-stated case should not be quashed.

From the undenied averments set forth in the petition for rule to quash appeal we have the following facts:

1. Plaintiffs are the claimants in a workmen's compensation case on petition no. 72,066 filed with the Workmen's Compensation Board.

2. Following a disallowance of compensation by Referee Jesse G. Smith, of compensation district no. 10, claimants appealed to the Workmen's Compensation Board.

3. Thereafter, on January 16, 1941, the Workmen's Compensation Board, in an opinion filed January 16, 1941, sustained the referee and disallowed compensation to claimants.

4. Said opinion and disallowance was, on January 16, 1941, served upon all the parties in the case by the Workmen's Compensation Board.

5. Claimants' right to appeal to the court of common pleas from the disallowance by the Workmen's Compensation Board, as filed January 16, 1941, expired 20 days thereafter, to wit, February 5, 1941.

6. The affidavit to the appeal filed as above captioned was made February 10, 1941, and the appeal was filed in the Court of Common Pleas of Jefferson County on February 13, 1941, after the right of appeal had expired.

7. No petition for extension of time for the taking of this appeal to the common pleas court was presented to the common pleas court within said 20 days.

The matter has been argued at length by the learned counsel for the respective parties. We shall refer to the statute governing the rights of the parties. The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, sec. 1, 77 PS §§872-73, provides:

"Any party may appeal from any action of the board on matters of the law to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth.

"Such appeal must be brought within twenty days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal."

The affidavit for the appeal was not made until February 10, 1941, which was 25 days after notice of the action of the board had been served upon claimant-appellants herein, and the appeal was not filed in the office of the prothonotary of the Court of Common Pleas of Jefferson County until February 13, 1941, which was 28 days after notice of the action of the board had been served as required by law. In the meantime no request was made by appellants to the Court of Common Pleas of Jefferson County for an extension of the time provided by the act of assembly for the taking of such appeal.

The sole question then arises: Does this court, where the statute fixed the time in which an appeal must be filed, have authority to extend such time where no application was made and cause shown therefor within the statutory limit of time?

Regardless of how liberal this court may feel toward deserving claimants in workmen's compensation cases, nevertheless, we are compelled to follow the law governing such cases. The statute is mandatory so far as it relates to the period of 20 days and, as the time for appeal would end at the termination of the 20-day period, any application to extend the time would have to be made within such 20-day period. The time for appeal by claimants expired on February 5, 1941, but

no action was taken toward perfecting the appeal until February 10, 1941, five days after the time for filing the appeal had expired, and the appeal was not perfected and filed until February 13, 1941, which was eight days after the period fixed by statute.

Where a statute fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc: Schrenkeisen et al. v. Kishbaugh et al., 162 Pa. 45; Wilson v. National Freight & Delivery Co. et al., 108 Pa. Superior Ct. 472.

Where a party has been prevented from appeal by fraud, or by the wrongful and negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal: Zeigler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561. But where no fraud or anything equivalent thereto is shown, such appeals cannot be allowed: Dunmore Borough School District v. Wahlers (No. 1), 28 Pa. Superior Ct. 35. See Rowles v. State Workmen's Insurance Fund et al., 141 Pa. Superior Ct. 193, 200. It has been held on numerous occasions that even the mistake or neglect of an attorney for the party desiring to appeal is not sufficient ground for relief. See Ward v. Letzkus, 152 Pa. 318, and Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38.

In recent years many courts have been compelled to pass upon the identical question confronting us and have uniformly held that in all such cases, where there is statutory authority to extend the time of granting relief, the application therefor must be made in the manner and within the time, if any, fixed by the statute.

In Walatka v. Levin et al., 100 Pa. Superior Ct. 489, that court, while discussing the right of a litigant to take an appeal after the time fixed by statute, held:

"Where a statute fixes the time in which an act must be done the courts have no authority to extend such time unless the application is made and cause shown therefor within the statutory limit of time."

The merits or demerits of the case are not now before us for discussion and, it appearing that the appeal was not filed until after the time fixed by statute and no effort was made to extend the time for taking and perfecting an appeal by claimants within the statutory limit of time, we are compelled to make the following

*Order*

And now, October 20, 1941, after due and careful consideration, the rule to show cause is made absolute and the appeal is quashed.