## Rossey v. Mayburg Chemical Company

*Harold S. Hampson*, for plaintiff.
*Joseph H. Goldstein*, for defendant.

WADE, P. J., November 19, 1946.—On June 26, 1946, the Workmen's Compensation Board handed down a decision in which the board affirmed the referee's findings of fact, conclusions of law and order of disallowance, thereby dismissing claimant's appeal. An appeal was taken from this order on July 17, 1946,

to this court by Oren M. Rossey, claimant, by his attorney, Harold S. Hampson. The question is now before the court as to whether or not this appeal should be stricken upon the contention of Joseph H. Goldstein, counsel for the Mayburg Chemical Company, defendant, that said appeal was not filed within the 20 days provided by the Workmen's Compensation Act.

The position of Joseph H. Goldstein is that the appeal was not taken within the period allowed by the Workmen's Compensation Act, while the position of Harold S. Hampson, counsel for claimant, is twofold:

First, that the record is silent as to whether or not a notice that may have been directed to him as attorney of record was properly stamped and addressed.

Counsel argues to the court that there must be affirmative evidence in the record that the opinion was enclosed in an envelope properly stamped and addressed. An examination of the record shows that on "June 26, 1946: Copy of opinion mailed to parties". The first point, therefore, is the effect of evidence that a notice "was mailed" without precisely stating it was stamped. The law on this subject seems to be clearly established that where a letter or notice is mailed there is the presumption that it was properly stamped in conformity with the postal laws. Of course, this permits the objecting party to rebut this presumption, but until it is rebutted there is the presumption that a letter mailed was properly stamped.

"The popular understanding of the word 'mailed' as applied to a letter is that it was duly stamped and placed under the control of the officers of the postal department whose duty it is to dispatch postal matter; and this is the meaning which should be attached to it in this case under the testimony. In the absence of evidence to the contrary or any inquiry as to the particular point, the witness might well be understood to mean that the letter was mailed in conformity with

the requirements of the postal service": Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456, 459 (1906).

Then counsel takes the further position that there was "nothing in the record to show that the notice, properly stamped and addressed was mailed to the attorney for claimant". However, attached to the opinion, dated June 26, 1946, is a copy of a letter of notice to the parties. Since this point is made in this case, the court quotes the letter in full, as follows:

"COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
WORKMEN'S COMPENSATION BOARD
HARRISBURG
June 26, 1946

H. M. Engell, Esq.
1211 Finance Bldg.
Philadelphia, Penna.

Joseph H. Goldstein, Esq.
Warren, Penna.

Harold S. Hampson, Esq.
Warren, Penna.

Oren M. Rossey
Mayburg, Penna.                          A-31457

OREN M. ROSSEY VS MAYBURG CHEMICAL CO.

My dear Sir:

Enclosed find copy of (opinion) of the Workmen's Compensation Board, filed this day in the above captioned case.

Very truly yours,
W. R. GALLAGHER
W. R. Gallagher, Secretary
encl.            Workmen's Compensation Board."
er

It seems to this court that it is apparent that the letter was properly addressed to Harold S. Hampson, for, in the proper place at the heading of the letter, are found these words: "Harold S. Hampson, Esq., Warren, Penna." Certainly this is the proper address found on the very letter of notice of the filing of the opinion, and also, this letter indicated that there was enclosed therein an actual copy of the opinion. The court has already indicated that the opinion was dated June 26, 1946, and the letter is obviously dated June 26, 1946. Therefore, under these circumstances, since the notice was "mailed" in accordance with the record, this court will presume under the decisions that it was properly stamped and an actual copy of the letter included in the record shows it was properly addressed to Harold S. Hampson, at Warren, Pennsylvania. This court must conclude that section 406 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, which provides that "for the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served . . ." was complied with in the case at bar.

If counsel for claimant desired to rebut this presumption he could have taken the stand and done so. However, counsel chose to stand upon the record as presented.

There is law to the effect that where a copy of a letter is found upon the desk of a decedent, there is the presumption that the original had been mailed.

"(3) However, where a copy of a letter which an official had the duty of sending was found in his desk after his death, the original was presumed to have been sent": 31 C. J. S. 781, §136.

The second point in the case concerns notice to Oren M. Rossey, claimant himself. As quoted above, there was notice to Oren M. Rossey mailed June 26, 1946,

which included a copy of the opinion dated June 26, 1946. Mr. Rossey desired to rebut this presumption of receipt of the notice in the due course of mailing on June 26, 1946, by showing that he had moved from Mayburg to Warren, Pa. The testimony shows that Mr. Rossey had been expecting such a notice and was watching the mails for this specific notice, but it was not received until July 1, 1946, at his home in Warren, Pa. Therefore, Mr. Rossey contends, the statute was not complied with so far as giving notice to him personally to raise the presumption of service under the act. The act, in this regard, definitely states: ". . . any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed . . ." and in this case the record shows that the notice and copy of opinion were mailed June 26, 1946, to Oren M. Rossey, Mayburg, Pa.

Counsel for claimant takes the position that since his client moved from the address as given in the record, and consequently there was some delay in receiving the notice, the time for taking an appeal should be extended. If it were the law that a person could extend the time for an appeal by changing his address and by keeping from the board his current address, an appeal could thereby be extended at the will of claimant.

Defendant in the case at bar complied with the act when it deposited in the mail the notice and copy of the decision on June 26, 1946, to Oren M. Rossey at Mayburg, Pa., the last known address of claimant, and also to Harold S. Hampson, Warren, Pa., the attorney of record for claimant.

"Notice to an attorney of the time of trial of litigation which has been entrusted to him is notice to the client. See on the general subject of notice to an attorney as notice to his client: 7 Corpus Juris Secundum, page 853, Par. 69; 2 Ruling Case Law, page 963, Par.

38; 1 Sadler's Criminal Procedure, page 412, Par. 335": Commonwealth v. Thompson and Bell, 29 Erie 98, 99.

"Lawson was the agent of Cummings; and the service of the rule on him for the bail to justify, we think a sufficient service. It was the duty of the agent to give notice to his principal, and, if time were wanted, to apply to the magistrate for that purpose": Cummings v. Forsman, 6 Pa. 194, 195 (1847) ; see Newlin v. Newlin, 8 S. & R. 41 (1822), and A. L. I. Restatement of Agency §385.

It is, therefore, the opinion of this court that the appeal taken July 17, 1946, was not in conformity with the provisions of the Workmen's Compensation Act. This court is further of the opinion that since the appeal was not taken within the 20 days allowed and since no application for the extending of this time was made within the 20-day limit, this court has no equitable powers to grant any extension of time.

Where it affirmatively appeared from pleadings that appeal to court of common pleas was not taken within 20 days after notice of Workmen's Compensation Board's decision was deposited in mails, properly stamped and addressed to counsel for appellant, and no application for extension of time was made within the 20-day limit, the court had no jurisdiction to entertain such appeal: Banks v. McClain et al., 156 Pa. Superior Ct. 512, 40 A.(2d) 905.

Therefore, the motion to strike off the appeal, filed September 5, 1946, by Joseph H. Goldstein, attorney for the Mayburg Chemical Company, must be granted.

### Order

And now, to wit, November 19, 1946, it is hereby ordered, adjudged and decreed that the motion of Joseph H. Goldstein, attorney for the Mayburg Chemical Company, made September 5, 1946, be and the

same is hereby granted, and the rule to show cause thereon granted be and the same is hereby made absolute, and the appeal taken by Oren M. Rossey, claimant, on July 17, 1946, be and the same is hereby stricken.