## Yeager, Appellant, *v.* United Natural Gas Company, Appellant.

Argued November 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Marc Lincoln Marks,* with him *B. H. Marks,* and *Marks & Marks,* for claimant.

*W. Allen Dill,* with him *Fruit & Francis,* for employer.

OPINION BY WOODSIDE, J., December 14, 1961:

The only question involved in this appeal is whether the claimant in a workmen's compensation case filed an appeal to the board from a decision of the referee within the time allowed by statute. The board quashed the appeal on the ground it was filed too late, but the

court below held that the board erred in doing so and directed the board to pass upon the case on its merits. The employer appealed to this Court. There is also an appeal by the claimant which must be considered.

The claimant suffered a back injury while in the course of his employment in 1955. When the case was before the referee the only question was the extent of the disability. The claimant offered the opinion of an osteopathic physician that he was totally disabled, and the employer offered the opinion of an orthopedic specialist that the claimant was only partially disabled. After the referee decided that the claimant was entitled to an award for total disability and the employer appealed, the board returned the case to the referee for the purpose of appointing impartial physicians and receiving their testimony. Upon receiving the additional evidence, the referee decided that the claimant was entitled to only partial disability and entered an award accordingly.

A copy of the referee's award was sent to counsel for the claimant on December 4, 1958. The claimant filed an appeal January 15, 1959. Under §423 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §853, an appeal from the referee to the board must be taken by a party ". . . within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him." The section authorizes the board, for cause shown, to extend the time for taking such appeal.

The employer moved to quash the appeal. The claimant answered as follows: "The Award by the Commonwealth of Pennsylvania, Department of Labor and Industry, Workmen's Compensation Board, was sent out on December 4th, 1958. The notification of this Award was sent to Claimant's counsel at their address on Broadway, Farrell, Pennsylvania. At the same time, Claimant's copy was sent also to the Claimant's attor-

neys for the reason that the Board was not presently aware of the Claimant's proper address, and arrangements had been made with the local Referee's office to have the Claimant's notification sent to his counsel's office. When said notification arrived, the Claimant's attorneys tried to notify him by mail, but were unable to contact him until after the twenty-day period was up for the filing of the Appeal. Because the Claimant was not able to be notified before the twenty-day period was up, he was then forced to file his Appeal after the twenty-day period."

Where an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal nunc pro tunc, except when there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time. *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 142, 143, 104 A. 863 (1918); *Marshall Unemployment Compensation Case,* 177 Pa. Superior Ct. 259, 261, 111 A. 2d 165 (1955); *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 171, 60 A. 2d 583 (1948); *Walatka v. Levin,* 100 Pa. Superior Ct. 489, 492, 493 (1930); *Devlin v. Grabler Mfg. Corp.,* 151 Pa. Superior Ct. 216, 219, 30 A. 2d 138 (1943). The time of appeal cannot be enlarged in the absence of fraud, deception, coercion, or duress. *Powell v. Sonntag,* 159 Pa. Superior Ct. 354, 356, 48 A. 2d 62 (1946).

Accepting everything set forth in the answer of the claimant to be true, there are no facts in this case which permit a court to direct the board to accept an appeal nunc pro tunc. The claimant himself sets forth that notice was sent to his counsel December 4, 1958; that "arrangements had been made with the local Referee's office to have the Claimant's notification sent to his counsel's office," and that "the Board was not presently aware of the Claimant's proper address."

Under these circumstances, there can be no question that notice of the referee's award received by the claimant's counsel constitutes notice to the claimant. Even without the "lack of proper address" and the "arrangements . . . with the local Referee's office," notice of an action by a court, board or commission given to the counsel of a party is considered notice to the party, except under a few rare circumstances not here present. 3 P.L.E., Attorneys, §45; 7 C.J.S., Attorney & Client, §69; *Barnes v. McClinton*, 3 P. & W. 67 (1831); *Commonwealth v. Schooley*, 5 Kulp 53 (1888); *Rossey v. Mayburg Chemical Company*, 58 Pa. D. & C. 532 (1946).

The claimant's appeal developed as follows: No provision had been made in the award of December 4, 1958, for the payment of the impartial physicians, and in order to allow and fix their fees, an "amended award" was filed on October 16, 1959. This was identical to the award of December 4, 1958, except that it allowed and fixed the fees of the impartial physicians. The claimant then appealed from the order of October 16, 1959. The board quashed the appeal on the ground that the award of December 4, 1958, was the only award from which an appeal could be taken. The claimant then appealed to the Court of common pleas which dismissed that appeal because in the other appeal it directed the board to hear the case on its merits. The claimant then appealed to this Court.

Having reversed the court below on the employer's appeal to this Court, we must consider the claimant's appeal. Unfortunately for the claimant, the law is well settled that this type of amendment to an order does not affect the time within which an appeal must be taken. The amendment made on October 16, 1959, to the award of December 4, 1958, did not relate to either the claimant or the defendant. The amendment did nothing more than tax costs and then only those costs for which neither of the parties were liable. Section

420 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as last amended by the Act of August 24, 1953, P. L. 1379, 77 P.S. §832, provides that "The board shall fix the compensation of such physicians . . . which, when so fixed, shall be paid out of the sum appropriated to the Department of Labor & Industry."

A subsequent amendment of an order as to matters not involved in an appeal will not extend the time for appeal: *Henry's Estate,* 290 Pa. 537, 539, 139 A. 198 (1927) ; *Hanna Estate,* 367 Pa. 337, 339, 80 A. 2d 740 (1951). The original award, and not the modified award, determines the time within which an appeal may be taken. *Smith v. Jones,* 369 Pa. 13, 14, 85 A. 2d 23 (1951) ; *Armour Leather Co. v. Alexander,* 276 Pa. 515, 120 A. 672 (1923) ; *Commonwealth v. Mackley,* 380 Pa. 70, 75, 110 A. 2d 172 (1955).

For the reasons set forth above, the order of the court below in the claimant's appeal must be affirmed.

In the appeal of the employer (our appeal No. 147 April Term, 1961), the order of the court below is reversed.

In the appeal of the claimant (our appeal No. 173 April Term, 1961), the order of the court below is affirmed.