Morgan *v.* Pittsburgh Business Properties, Inc. et al., Appellants.

Argued April 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

David H. Trushel, with him Sanford M. Chilcote, Leonard P. Kane, and Dickie, McCamey, Chilcote & Robinson, for appellants.

C. Dale Blair, with him Murray J. Jordan and Fred J. Jordan, for appellee.

OPINION BY WATKINS, J., June 13, 1962:

In this workmen's compensation case the claimant-appellee, Frank J. Morgan, over a period of six years had three separate accidents. The accidents all occurred at the same place of business. At the time of the first two accidents, the owner of the business, and his employer, was Pittsburgh Business Properties, Inc., and at the time of the last accident his employer was the Oliver Tyrone Corporation, which company had succeeded to the ownership of the business. The Pittsburgh Business Properties, Inc. was insured by the Pennsylvania Manufacturers' Association Casualty Insurance Company, and the Oliver Tyrone Corporation was insured by the Federal Insurance Company, one of the appellants.

The claimant suffered his first accident on June 13, 1953, when he sustained a fracture of his hip. At that time he was employed as a carpenter at a wage of $93.55 per week. He received compensation payments for permanent and then partial disability.

The second accident occurred on January 17, 1955, and involved an injury to his right knee. Although there was disability, there was no loss of earnings as a result of this accident and payment was suspended.

Following his total disability the claimant had returned to work at light carpentry and as an elevator operator at a wage of $54.00 weekly. This he continued to do until April 27, 1959, when the third accident occurred. A heavily loaded dolly being pushed into the elevator toppled and crushed the claimant against the wall of the elevator. He continued to operate the elevator at the same wage but under very favorable conditions, in that he was permitted frequent rest periods and would lie down whenever necessary to relieve his crippled condition. His employer intended to eliminate the manually operated elevator at which he was employed, and on March 4, 1960, he was offered work in the steam room but couldn't do the work so his employment ended.

Petitions involving all three accidents were before the referee. A petition for modification, No. 120,836, concerning the first accident, was dismissed by the referee; a petition for review No. 120,840, concerning the second accident, was also dismissed by the referee; and the third accident was the subject of a claim petition No. 161,086, and the referee found the claimant totally disabled as a result of this accident. The employer and his insurance carrier appealed to the Workmen's Compensation Board from the decision of the referee on claim petition 161,086 which, on motion of the claimant, quashed the appeal on the ground that it was not filed within the twenty day statutory period. The

County Court of Allegheny County sustained the Workmen's Compensation Board.

The first question to be determined on this appeal is whether the order of the Workmen's Compensation Board quashing it, as affirmed by the court below, was error. Section 423 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §853 provides, inter alia, "Any party . . . may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the Board. . . .".

The court below well states the facts involved in this question: "The petition number relating to the earlier accidents and the Pennsylvania Manufacturers' Association Casualty Insurance Company was number 120,-836 and the petition relating to the third accident and the Federal Insurance Company was number 161,086. These cases were tried at the same time and on the same record but in each of them the interests of the clients were represented by separate counsel. In other words, the defendants in 120,836 were represented by Attorney William Dreher and Attorney Leonard P. Kane and in 161,086 the defendant was represented by Attorney David H. Trushel. The appeal was taken as to 120,836 by the said David H. Trushel, Esq., who did not represent that named appellant and Attorneys Dreher and Kane who did so represent the defendant withdrew that appeal from the referee to the board. Subsequently on April 14, 1961, or after the expiration of the appeal period as provided in Section 423 of the Act, the said David H. Trushel, Esq., attempted to amend the appeal by changing the name of the defendant and the insurance carrier. Counsel for claimant then moved to quash alleging that there was no appeal from the referee to the board under the decision rendered in 161,086 in which the Oliver Tyrone Corporation and the Federal Insurance Company were defend-

ants for the accident of April 27, 1959. . . . The attempt to appeal was admittedly not taken within the statutory period of twenty days after notice of the referee's order. Counsel suggests an error on the part of his secretary, and now declares that the appeal taken under number 120,836 naming Pittsburgh Business Properties as appellant was erroneously taken, that the two petitions were consolidated, but the record clearly shows that the compensation authorities separately and distinctly dismissed the two requests at two specific numbers. Clearly then counsel represented each insurance carrier, and the positions are obviously adverse, the very practical problem being which carrier pays, and how much."

We agree with the court below that the Workmen's Compensation Board properly quashed the appeal. "Where an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal nunc pro tunc, except when there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time. . . . The time of appeal cannot be enlarged in the absence of fraud, deception, coercion, or duress." *Yeager v. United Nat. Gas Co.,* 197 Pa. Superior Ct. 25, 28, 176 A. 2d 455 (1961).

Despite this position of the court below, it still considered the appeal on the merits and affirmed the workmen's compensation board. We should first point out that the findings of fact of the board holding this claimant to be totally disabled are amply supported by competent evidence which are binding on this court. *Meehan v. Philadelphia,* 182 Pa. Superior Ct. 161, 126 A. 2d 488 (1956). We should also point out that the factual situation in this case is different from a recent case of *Shiery v. Lauffer Tire Service, Inc.,* 197 Pa. Superior Ct. 209, 177 A. 2d 455 (1962), which laid down a rule requiring apportionment of the compensation loss be-

tween two employers. In the *Shiery* case the claimant had two concurrent jobs at the time of the first accident with the compensation to be based on the combined earnings of the two jobs. While so disabled, he had a second accident which totally disabled him while working for only one of the employers. There were different insurance carriers. The Board found as a fact that each accident contributed to the claimant's total disability, and, of course, the court was concerned primarily with the proportionate share each should pay.

However, in this appeal, the claimant had been engaged in successive jobs with the same employer. The pertinent findings of fact disclose: That prior to April 27, 1959, the claimant was employed as a light carpenter and elevator operator at a weekly wage of $54.80; that prior to April 27, 1959, he had suffered a partial disability while employed as a carpenter at $93.55 a week; that at the time of the accident on April 27, 1959, he was a partially disabled person employed as an elevator operator at $54.80 weekly; that he had carried on this occupation several years before the accident, and that as a result of the accident of April 27, 1959, claimant was totally disabled as an elevator operator or any duties of a gainful nature. The insurance carrier, the Pennsylvania Manufacturers' Association Casualty Insurance Company, at the time of the first two accidents was solely responsible for the payment of total disability followed by partial disability to the extent provided by the law, based on his employment as a carpenter at the $93.55 rate. The insurance carrier, Federal Insurance Company, one of the appellees herein, was solely responsible for the total disability based on his employment as an elevator operator to the extent provided by law, based on the $54.80 rate.

It was also argued in this case that the claimant was not totally disabled but was capable of steady performance of certain types of light work. However, the fact

finder found that he was incapable of doing any work and as the court below put it: "Aside from a record that reveals no capricious disregard of the evidence, the findings and conclusions being consistent inter se, it is clear here that when the evidence and the inferences are viewed as if a jury had found for the claimant in the light favorable to him, we are to resolve the record thus favorable for the claimant who has the award, remembering that the board is the judge of credibility and weight, and may accept or reject in whole or in part the testimony of any witness, lay or expert. Malik v. Uniontown, 94 A. 2d 151, 172 Pa. Superior Ct. 562."

"We have held that if an injury has left a workman a nondescript, incapable of doing even light work of a general character, but fitted to do odd jobs not usually obtainable, it may be presumed that there is no work available for him, and, unless this presumption is overturned, he is entitled to compensation for total disability." *Cox v. Woodlands Cemetery Co.,* 133 Pa. Superior Ct. 313, 318, 2 A. 2d 565 (1938). "Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort (employment plums that do not often dangle from the tree of everyday economics) the burden is on the defendant-employer to show that such a job is in fact within reach. If proof of that fact is not presented, the claimant then is entitled to a finding of total disability." *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 13, 104 A. 2d 104 (1954). See also: *Woods v. Murraysville Telephone Co.,* 197 Pa. Superior Ct. 636, 180 A. 2d 118 (1962).

Judgment affirmed.