Opinion by
Waticins, J.,
This is an appeal from an order of the Court of Common Pleas No. 3 of Philadelphia County dismissing an appeal from the decision of the Workmen’s Compensation Board in that it was filed more than twenty days after service of notice of the decision in violation of the statutory requirement.
The claimant, Percy Snead, filed an appeal to the Court of Common Pleas from the decision of the Workmen’s Compensation Board on May 10, 1962. The defendant and his insurance carrier, appellees, moved to dismiss on the ground that the appeal was filed more than twenty days after the decision of the Board which was mailed on April 18, 1962.
Section 427 of the Workmen’s Compensation Law, 77 PS §1527 provides, inter alia, as follows: “. . . Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served upon such party, . . .”.
Section 406 of the Workmen’s Compensation Law, 77 PS §717 provides, inter alia, as follows: “. . . For *388 the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails . . .”
There was competent evidence produced by depositions that the notice in question was mailed on April 18, 1962. Sinclair v. Shaffer Lumber Co., 180 Pa. Superior Ct. 234, 119 A. 2d 682 (1956). Claimant’s answer to the petition admits that his counsel received the notice on April 20, 1962; that the decision was dated April 18, 1962; but denies knowledge that the envelope was postmarked April 18, 1962. Depositions of the secretary and clerk of the Workmen’s Compensation authorities indicate that notice of the decision was mailed April 18, 1962. Uniform Business Records as Evidence Act of 1939, as amended, 28 PS §91b. The notice to defendant’s counsel was in an envelope postmarked April 18, 1962. The admission that counsel received the notice on the twentieth would permit an inference that it was mailed no later than April 19, so that an appeal taken on May 10 was not within the twenty day period.
In Banks v. McClain, 156 Pa. Superior Ct. 512, 40 A. 2d 905 (1945), the decision was mailed by the board on March 24, 1944; the claimant’s attorney claimed he did not receive it until March 27. The appeal was filed on April 15, 1944, twenty-two days after mailing. This Court reversed the lower court and held that the appeal was too late, being more than twenty days after service of the notice as required under the law. “Where an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal nunc pro tunc, except when there is a showing of fraud or its equivalent. Something *389 more than mere hardship is necessary to justify an extension of time.” Yeager v. United Nat. Gas Co., 197 Pa. Superior Ct. 25, 28, 176 A. 2d 455 (1961). See also: Morgan v. Pitts. Bus. Prop., Inc., 198 Pa. Superior Ct. 254, 181 A. 2d 881 (1962).
Decision affirmed.