Donovan, Appellant, *v.* R. W. Rexford Co., Inc.

Argued April 27, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William J. Toy,* with him *Walter B. Gibbons,* for appellant.

*George A. D'Angelo,* with him *Geoffrey J. Cunniff,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 30, 1965:

Plaintiff-appellant appeals from an order of the court below directing the submission to arbitration of a dispute arising out of a contract under which plaintiff constructed a certain building for defendant.

Although plaintiff has completed the building and has received the final architect's certificate, defendant has not made final payment for the work. Plaintiff brought an action of assumpsit below seeking to re-

cover, in addition to the balance due under the original contract, certain additional charges for work and materials not specified in the original contract but which were authorized, as provided by the contract, by the architect.

Defendant filed no answer to plaintiff's complaint but, instead, filed a petition requesting that the matter be referred to binding arbitration under Article III of the construction contract which reads: "No alterations shall be made in the work except upon written order of the Architect; the amount to be paid by the Owner or allowed by the Contractor by virtue of such alterations to be stated in said order. Should the Owner and Contractor not agree as to amount to be paid or allowed, the work shall go on under the order required above, and in case of failure to agree, the determination of said amount shall be referred to arbitration, as provided for in Art. XII of this contract."

A rule was issued to show cause why the petition should not be granted and, after holding a hearing thereon, the court below made the rule absolute. We do not interpret the order below as dismissing the complaint, but merely as staying proceedings until the matter of the charges for extras can be determined in arbitration proceedings. Neither the basic contract price nor the adequacy of any work performed will be subject to arbitration. The sole question to be decided by the arbitrators under Article III of the contract will be the charges made by plaintiff for extra work and materials. Upon completion of the arbitration, the purpose for the stay having been achieved, the other issues in controversy may then be adjudicated in the assumpsit action.

Section 15(b) of the Arbitration Act of 1927* provides that an appeal from an order directing the par-

---

* Act of April 25, 1927, P. L. 381, No. 248, §15, added by Act of June 21, 1935, P. L. 400, §2, 5 P.S. §175(b).

ties to proceed to arbitration must be taken and perfected within thirty days of the date on which the order was made. In this case, the rule was made absolute by the court below on December 10, 1964, and this appeal was not filed until February 10, 1965. In view of the specific mandate of the Arbitration Act, this appeal must be quashed.

Appeal quashed.