## Hawthorne v. Penchiff

*David W. Ketler*, for plaintiff.
*George H. Rowley*, for defendant.

McKay, P. J., May 4, 1966. — There are before the court in the above case two motions: (1) A motion to quash an appeal from an award of a board of arbitrators for the reason that the recognizance for future costs was not filled within the 20 day period required by the act for the completion of an appeal, and (2) a motion for leave to file the recognizance nunc pro tunc.

The action was filed by plaintiff in trespass for property damage to his automobile, and was heard by a board of arbitrators on October 25, 1965, on which date a verdict was entered in favor of defendant.

On November 15, 1965, plaintiff's attorney undertook to appeal to the common pleas court by filing an affidavit that the appeal was not for the purpose of delay and paying the accrued costs and the arbitrators' fees. He did not, however, file a recognizance to cover future costs, but on January 10, 1966, filed a petition asking for leave to file the recognizance nunc pro tunc.

The compulsory arbitration act of June 16, 1836, P. L. 715, sec. 27, 5 PS §71, reads:

"Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket".

There is no provision in the act for the allowance of an appeal nunc pro tunc, which plaintiff requests in the instant case.

It is a general rule that when a controlling statute "calls for things to be done within stated times, they must be done so or rights fail": Commonwealth v. Lukens Steel Company, 402 Pa. 304. With respect to appeals in general, it has been repeatedly held that provisions of appeal statutes are mandatory: Ifft v. Hunter, 202 Pa. Superior Ct. 487; Commonwealth v. Peters, 178 Pa. Superior Ct. 82; Morgan v. Pittsburgh Business Properties, Inc., 198 Pa. Superior Ct. 254.

In the Morgan case, the court stated that where a

statute fixes the time within which an appeal may be taken, courts may not extend it or allow an appeal nunc pro tunc except when there is showing of fraud or its equivalent.*

The above principles, with respect to appeals in general, not only have been long accepted, but they have been applied specifically to appeals from the award of a board of arbitration to the common pleas court: Elfenbein v. Schilberz, 17 D. & C. 2d 113, in which the identical question raised in the present case, i.e., the failure to file a recognizance within 20 days, was at issue. See also Cramer v. Zeigler, 36 D. & C. 2d 669, and Ostot v. Shoff, 22 D. & C. 2d 488.

It is true that there are county court cases which have permitted the perfecting of an appeal and the filing of a recognizance after the 20 day period has expired: Temple v. Hurd, 22 D. & C. 2d 144; Dare v. Henderson, 16 D. & C. 2d 693; Stanley Distributing Company v. Fetterhoff, 69 Dauph. 60.

Faced with the above conflict in the authorities in the lower courts, it is our opinion that the cases which apply the first rule above stated set forth the law which governs the present case. We see no reason why the appellate court decisions, which have held consistently that appeals from lower courts must be completed within the time specified by the legislature, should not be applied to the appeal portion of the arbitration statute. Accordingly, the motion to quash the appeal must be granted and the motion to file a recognizance nunc pro tunc denied.

## ORDER

Now, May 4, 1966, it is ordered that defendant's motion to quash the appeal in the above-entitled case

---

*In the instant case, there is no averment of fraud or its equivalent. The only excuse offered is that appellant was not available on the day when the recognizance had to be filed.

is granted and it is ordered that the appeal be quashed. It is further ordered that plaintiff's motion to file a recognizance nunc pro tunc is refused.