Opinion by
Watkins, J.,
This is an appeal by the claimant-appellant, Ruby L. Mapp, from the order of the Court of Common Pleas No. 2 of Philadelphia County affirming the disallowance of benefits by the Workmen’s Compensation Board.
This is a claim for benefits under the Workmen’s Compensation Act by a policewoman who claims disability as a result of overexertion in the performance of assignments in undercover work in the narcotic field beyond the call of her regular duties. The referee made an award of benefits; the Board reversed on the ground that her emotional disturbance was insufficient to prove a finding of accidental injury; and the court below affirmed the Workmen’s Compensation Board.
Aside from the merits of this case there are two procedural matters that call for our attention. At the hearing before the referee the City raised the question that under §315 of the Workmen’s Compensation Act, as amended, 77 PS §602 (Supp. 1966), the claim of the appellant was untimely filed. The record showed that she testified that although she did not work since January 28, 1958, the City paid her full wages until April 6, 1958. The City presented no evidence to contradict this evidence of the claimant and the referee found as a fact that the claimant was paid full wages in lieu of compensation during her disability and that her claim was timely, being within sixteen months following the date of said last payment of wages. This finding is supported by the uncontradicted evidence of the claimant and met the test of payment in lieu of compensation. Schrecengost v. O. K. Heilman Trucking Company, 174 Pa. Superior Ct. 299, 101 A. 2d 417 (1953); Creighton v. Continental Co., 155 Pa. Superior Ct. 165, 38 A. 2d 337 (1944).
*322 So at the referee’s level the finding disposes of the timeliness of the claim and was supported by competent evidence. The burden was then upon the City to appeal from the decision of the referee to the board. This it admittedly failed to do within the statutory period. The City did appeal twenty-two days after receipt of the notice of the referee’s decision. Section 423 of the Workmen’s Compensation Act, as amended, 77 PS §853 provides: “Any party in interest may, within twenty days after notice of a referee’s award or dis-allowance of compensation shall have been served upon him, take an appeal to the board on the ground: . . . The board may, upon cause shown, extend the time provided in this article for taking such appeal...”. Although this statute does give the Board “upon cause shown” the right to extend the time, we held in Morgan v. Pittsburgh Business Properties, Inc., 198 Pa. Superior Ct. 254, at page 258, 181 A. 2d 881 (1962), that: “We agree with the court below that the Workmen’s Compensation Board properly quashed the appeal. ‘Where an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal nunc pro tunc, except when there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time . . . The time of appeal cannot be enlarged in the absence of fraud, deception, coercion, or duress.’ Yeager v. United Nat. Gas Co., 197 Pa. Superior Ct. 25, 28, 176 A. 2d 455 (1961).” See also: Ermine v. Frankel, 322 Pa. 70, 185 A. 269 (1936); Miles v. Masters, 374 Pa. 127, 97 A. 2d 36 (1953); Moseman v. Arundel Corp., 156 Pa. Superior Ct. 318, 40 A. 2d 131 (1944); Devlin v. Grabler Mfg. Corp., 151 Pa. Superior Ct. 216, 30 A. 2d 138 (1943); Casey v. Donut Fair, Inc., 211 Pa. Superior Ct. 323, 236 A. 2d 546 (1967).
*323 “The appeal provisions of the Unemployment Compensation Law are mandatory, and when no extenuating circumstances are shown, one who has failed to appeal within the time prescribed is necessarily precluded from having the case considered on its merits. Abrams Unemployment Compensation Case, 180 Pa. Superior Ct. 580, 119 A. 2d 656 (1956). Something more than mere hardship is necessary to justify an extension of time for appeal. Tuttle Unemployment Compensation Case, 160 Pa. Superior Ct. 46, 49 A. 2d 847 (1946).” Neupauer Unemployment Compensation Case, 198 Pa. Superior Ct. 186, 181 A. 2d 743 (1962). Under sections 406 and 427 of the Workmen’s Compensation Act, 77 PS §§717 and 873, respectively, it is mandatory that appeals from the Board to the Court of Common Pleas be taken within twenty days after notice has been mailed unless for cause shown the court grants an extension of time within the twenty day limit. Banks v. McClain, 156 Pa. Superior Ct. 512, 40 A. 2d 905 (1945).
In Miles v. Masters, supra, the Supreme Court cited the McClain case with approval, saying, at page 130: “In the McClain case, supra, the court of common pleas had entertained an appeal from an order of the Workmen’s Compensation Board entered twenty-two days after service of notice of the order, whereas Section 427 of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended, requires that an appeal to the court of common pleas from an order of the board must be taken within twenty days of service of notice of the order unless the time be extended by the court for cause shown. In reversing the lower court’s refusal to strike off the appeal as having been taken out of time, Judge Baldrige, in a well-considered opinion for the Superior Court, said, — ‘It is mandatory that appeals from the board to the court of common *324 pleas must be taken within 20 days after notice has been mailed (see Sec. 406) unless for cause shown the court grants an extension of time within the 20 day limit (citing cases) . . .’ ”. See also: Com. v. Yorktowne Paper Mills, Inc., 419 Pa. 363, 214 A. 2d 203 (1965); Dept. of Highways v. Pa. P.U.C., 189 Pa. Superior Ct. 111, 149 A. 2d 552 (1959).
Lack of jurisdiction of the subject matter may be raised at any time and it is fatal at any stage of the proceeding. Patterson’s Estate, 341 Pa. 177, 19 A. 2d 165 (1941). Jurisdiction of the subject matter cannot be acquired by a court through consent, waiver, or estoppel of the parties. Appeal of Bell, 396 Pa. 592, 152 A. 2d 731 (1959). See also: Com. ex rel. Posnansky v. Posnansky, 210 Pa. Superior Ct. 280, 232 A. 2d 73 (1967); Lima Bldg. Stone Q., Inc. v. Dept. of Highways, 205 Pa. Superior Ct. 365, 208 A. 2d 884 (1965) ; Donovan v. R. W. Rexford Co., Inc., 418 Pa. 376, 211 A. 2d 459 (1965) ; Ifft v. Hunter, 202 Pa. Superior Ct. 487, 198 A. 2d 436 (1964).
The method of computing the time for appeal is provided in §406, Art. IY, of the Workmen’s Compensation Act, 77 PS §717. It provides that: “All notices and copies to which any party shall be entitled under the provisions of this article shall be served by mail, or in such manner as the board shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; . .
The record in this case clearly shows that the notice of the decision of the referee was mailed to the parties, properly stamped and addressed on October 17, 1961, and its receipt is admitted. The period provided for appeal from the decision of the referee is 20 days after notice has been served and for the purpose of *325 this Act, the notice shall be deemed served on the date when mailed. The twenty days, then, must be determined by excluding the first day, date of service, October 17, 1961, and counting October 18th to the date of the filing and perfecting of the appeal with the compensation authorities, to wit, November 8, 1961. This was two days late. The record does disclose that the City mailed its appeal on November 6, 1961, but- the language “take an appeal” has been logically held to mean that the appeal must be completed or perfected by filing. “It is the general rule that statutes requiring appeals to be taken and perfected within a certain time are mandatory and jurisdictional, . Devlin v. Grabler Mfg. Corp., supra. A court of common pleas has no power to allow an appeal from a decision of the Workmen’s Compensation Board unless the appeal is filed in the prothonotary’s office within, the 20 days prescribed by the statute. Martino v. Brockway Macaroni & Supply Co., 43 Pa. D. & C. 672. See also: Gaffey v. John J. Felin Co., 162 Pa. Superior Ct. 222, 57 A. 2d 432 (1948); Snead v. Megill, 202 Pa. Superior Ct. 386, 195 A. 2d 846 (1963). The period for the actual filing or perfecting the city’s, appeal expired at the end of the business day of November 6, 1961.
In the instant case no request was made to the Board to enlarge the time of appeal from the referee’s decision and it was the burden of the City to seek, that extension by showing “fraud or its equivalent, something more than mere hardship”, to permit the Board to take jurisdiction. In this case nothing .was doné and the Board, therefore, had no jurisdiction to hear the appeal. The decision of the referee is res adjudicate.
The order of the Court of Common Pleas is reversed and the order of the Referee awarding benefits to the claimant is reinstated.