Riley's Grille Liquor License Case.

Argued June 13, 1968.  Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
HANNUM, JJ.

*Ragan A. Henry*, with him *James M. Orman, My-
ron A. Hyman*, and *Goodis, Greenfield, Narin & Mann*,
for appellants.

*Samuel C. Nissenbaum*, for appellee.

OPINION BY WATKINS, J., September 12, 1968:

This is an appeal from an order of the Court of Quarter Sessions of Philadelphia County quashing an appeal nunc pro tunc by an unincorporated group known as "Citizens for Improvement of N. 52nd Street", the appellants, from an order of the Pennsylvania Liquor Control Board granting the application of a place-to-place transfer of a restaurant liquor license of William J. Riley and Laura E. Riley, trading as Riley's Grille, the appellees, from 4406 Fairmount Avenue, Philadelphia, Pennsylvania, to 501 N. 52nd Street, Philadelphia, Pennsylvania.

William J. Riley and Laura E. Riley, both in their seventies, for many years operated their restaurant at Fairmount Avenue. Redevelopment took their property and they then applied for a place-to-place transfer to the 52nd Street address.

An unincorporated group known as "Citizens for the Improvement of the North 52nd Street", opposed the application for transfer. The City of Philadelphia also interposed an objection. The Pennsylvania Liquor Control Board, after hearing, denied the application on February 17, 1966.

A new application for the transfer was made by the parties on July 6, 1967 and a hearing was conducted on October 3, 1967 at which hearing the appellants again protested the grant of the transfer. At an executive session of the Board on November 9, 1967 the Board concluded that the license transfer should be approved. The license for the new location was transferred and issued by the Board on December 6, 1967. The record shows that no notice was given to the appellants of the action by the Board. There is nothing in the law that requires such notice. However, the appellants did learn through representatives of the action of the Board on December 15th and De-

cember 18th, 1967, respectively. The appeal to the court below was filed Dec. 29, 1967.

The Liquor Code does not limit the number of applications which may be submitted. *Haase Liquor License Case,* 184 Pa. Superior Ct. 356, 134 A. 2d 682 (1957). The appeal section of the Act of April 12, 1951, P. L. 90, Art. IV, §464, 47 PS §4-464, provides in part: ". . . Any applicant . . . may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, . . . .".

The court below found: "I find as a fact that the appeal in this case which is now before me was taken beyond the statutory period allowed for the taking of an appeal from the action of the Liquor Control Board". In *Yeager v. United Nat. Gas Co.,* 197 Pa. Superior Ct. 25, 176 A. 2d 455 (1961), this Court said, at page 28: "Where an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow an appeal nunc pro tunc, except when there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time. . . . The time of appeal cannot be enlarged in the absence of fraud, deception, coercion or duress." See also: *Morgan v. Pitts. Bus. Prop., Inc.,* 198 Pa. Superior Ct. 254, 181 A. 2d 881 (1962); *Mapp v. Philadelphia,* 212 Pa. Superior Ct. 319, 243 A. 2d 479 (1968); *Jordan v. Eisele,* 273 Pa. 95, 116 A. 675 (1922); *Department of Highways v. Pennsylvania Public Utilities Commission,* 189 Pa. Superior Ct. 111, 149 A. 2d 552 (1959).

The order is affirmed.

WRIGHT, P. J., MONTGOMERY and SPAULDING, JJ., dissent.