## Palmer v. Crouse

*John P. Campana,* for appellant.

*Robert C. Wise,* for appellee.

GREEVY, J., September 21, 1971.—This matter is before us on plaintiff's motion to quash defendant's appeal.

From the record we make the following

### FINDINGS OF FACT

1. On March 4, 1970, the District Justice of the Peace for Magisterial District No. 2, Lycoming County, found judgment for plaintiff in the amount of $275.60, plus $15 costs.

2. On March 16, 1970, defendant submitted papers to the prothonotary appealing the verdict.

3. The appeal was initially marked with the prothonotary's signature and file stamp bearing the date of March 16, 1970.

4. Subsequently, the prothonotary's stamp and signature were crossed out and the papers were kept in the prothonotary's office but not docketed.

5. The prothonotary was unsure as to what fee to charge as this was the first case to be filed under the Minor Judiciary Court Appeals Act of December 2, 1968.

6. On August 26, 1970, defendant paid $18.25 filing fee and the papers were then marked "Filed-August 26, 1970."

## DISCUSSION

"The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of a court and its competency to act. See Commonwealth v. Yorktowne Paper Mills, Inc., 419 Pa. 363, 214 A. 2d 203 (1965). It is the general rule that, where an act of assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. Tuttle Unemployment Compensation Case, 160 Pa. Superior Ct. 46, 49 A. 2d 847 (1946); Yeager v. United Natural Gas Company, 197 Pa. Superior Ct. 25, 176 A. 2d 455 (1961); Morgan v. Pittsburgh Business Properties, Inc., 198 Pa. Superior Ct. 254, 181 A. 2d 881 (1962). Two notable exceptions to this general rule are where there is presence of fraud or a breakdown in the court's operation to the prejudice of a party (Nixon v. Nixon, 329 Pa. 256, 198 A. 154 (1938) . . .)": Delmont Borough Annexation Case, 2 Com. Ct. 496, 499 (1971).

In the limited circumstances of this case, we hold that defendant's appeal of the district magistrate's decision shall be considered as being properly filed on March 16, 1970, and thus within the 20-day time limit of section 305(b) of the Minor Judiciary Court Appeals Act. There was "a breakdown in the court's operation" through a misunderstanding on the part of its officers whereby defendant has been injured. See Nixon v. Nixon, 329 Pa. 256 (1938); Big Bear Oil Co. v. Zoning Board of Adjustment of Greenville, 2 Pa. Com. Ct. 33, 277 A. 2d. 166 (1971).

## ORDER

And now, September 21, 1971, it is ordered and

directed that the rule to show cause previously issued be dismissed and plaintiff is directed to file a complaint within 20 days after service of this order.