**In re Transfer of
The Barrister Pub, Inc. License**

*J. Graham Andes*, for appellant.
*Ross A. Unruh*, for intervenors.
*Robert M. Rovine*, for appellee.

SUGERMAN, *J.*, October 25, 1974—On January 2, 1974, The Barrister Pub, Inc., licensee of a retail restaurant liquor license issued by the Pennsylvania Liquor Control Board (hereinafter "board") applied to the board for a so-called "place-to-place" transfer of the license from 23 West Market Street in the Borough of West Chester in this county, to the southeast corner of High and Linden Streets in the same community.

On April 2, 1974, in accordance with the Liquor Code of April 12, 1951, P.L. 90, sec. 464 (partially repealed by section 509 of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, as amended by section 1 of the Act of June 16, 1971 [sec. 509 (147)]), 47 PS §4-464, the board held a hearing on the application for transfer and received evidence from agents for the board concerning their investigation of the applicant and the proposed licensed premises, from the applicant's principal officer in support of the transfer, and from several individual protestants residing within 500 feet of the proposed licensed premises. One of the board's investigating agents testified that West Chester State Teacher's College, some 55 feet from the proposed licensed premises, was the sole restrictive institution within 300 feet of the proposed licensed premises.

During the course of the hearing, it appeared that a public playground not discovered by the board's agent in the course of his investigation, and owned by the Borough of West Chester, might be located within 300 feet of the proposed licensed premises. Following the hearing, a reinvestigation by the board's agent established the location of the playground to be 135 feet from the proposed licensed

premises, thereby constituting the playground a second "restrictive institution."

The Borough of West Chester, as owner of the playground, was permitted to and did protest the application, and accordingly, a second hearing was held wherein the board's examiner not only received evidence from borough officials concerning the playground, but again, as at the first hearing, permitted testimony from "any person residing within five hundred feet" of the proposed licensed premises.

Following the conclusion of the second hearing, the board on May 24, 1974, filed its opinion and order, concluding that:

"1. The premises proposed to be licensed are located within 300 feet of West Chester State College but the approval of this application will not adversely affect the college.

"2. The approval of this application will not adversely affect the welfare, health, peace and morals of the neighborhood within a radius of 500 feet.

"The board, after giving careful consideration to all of the facts established at hearing, is of the opinion that in the reasonable exercise of the discretion authorized by law, the said application should be approved and makes the following Order:"

and granting approval of the application for transfer.

The borough has appealed from the order of the board, contending that the board abused its discretion when it granted the transfer application, particularly in light of its failure to make any finding concerning the playground and its failure to refer to the playground at all in its opinion. At hearing on the appeal, additional evidence was received by the court, including the testimony of several persons who appeared at the hearings before the board.

The individual protestants did not appeal from

the opinion and order of the board, but on September 6, 1974, following the hearing on appeal in this court, two such protestants filed a petition for leave to intervene nunc pro tunc, seeking to intervene as parties appellant. The propriety of permitting such intervention was argued and briefed upon a rule to show cause and will initially be treated in this opinion.

## PETITION FOR LEAVE TO INTERVENE

Petitioners Walton E. Pedersen, and Margaret M. Pedersen seek leave to intervene as parties appellant in the matter at bar by petition filed 105 days following the rendition by the board of its opinion and order. Although represented by counsel at the hearings before the board and formally notified of the opinion and order of the board, petitioners allege that they did not appeal for the reason that their counsel erroneously advised them that they lacked standing to appeal.

Section 464 of the Liquor Code permits appeals from the board's approval of a transfer application by "any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board." Such institutions must appeal within 20 days from the date of such approval.

It is admitted by all parties that petitioners are inhabitants of the neighborhood within a radius of 500 feet of the proposed licensed premises, within the meaning of section 404 of the Liquor Code and are thus proper parties before the board, but section 464 is silent as to the right of appeal concerning such persons.

Although not specifically included within the language of section 464, it is clear that inhabitants within 500 feet of the proposed licensed premises

are permitted to appeal under section 464. The specific issue has been determined by the Superior Court of Pennsylvania in Gismondi Liquor License Case, 199 Pa. Superior Ct. 619, 186 A. 2d 448 (1962), holding at page 624, 186 A. 2d at page 451:

"When such persons [inhabitants within five hundred feet] protest a proposed transfer, as in the case at bar, they become parties aggrieved by an adverse decision of the Board or of the lower court."

The Gismondi court further found in essence that the intention of the legislature in adopting the present amendment to section 404 of the Liquor Code so as to permit inhabitants of the neighborhood within a radius of 500 feet of the proposed licensed premises to appear as parties in interest before the board, was to permit such persons to appeal an adverse decision of the board under section 464 of the Liquor Code.

As a result, petitioners derive their standing to appeal the instant opinion and order of the board from the Liquor Code. They now ask leave to appear as parties appellant from that opinion and order although such request comes more than three months after the last day fixed for such appeals by section 464.

In Riley's Grille Liquor License Case, 213 Pa. Superior Ct. 46, 245 A. 2d 725 (1968), an unincorporated group opposed an application for transfer of a liquor license, but the board approved the transfer. The group filed an appeal from such approval in the Court of Common Pleas a few days following the twentieth day for such appeal as provided by section 464.

In quashing the appeal as untimely, the Superior Court reiterated a familiar principle earlier enunciated in Yeager v. United Nat. Gas Co., 197 Pa. Superior Ct. 25, 176 A. 2d 455 (1961):

"Where an Act of Assembly fixes the time within which an appeal may be taken, the courts have no power to extend it, or to allow an appeal nunc pro tunc, except when there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time . . . The time of appeal cannot be enlarged in the absence of fraud, deception, coercion or duress."

Finding no such fraud, deception, coercion or duress here, the prayer of the petition must be denied and the petition dismissed.[1]

## APPEAL OF BOROUGH

As already briefly noted, the Borough of West Chester, owner of the public playground located within 300 feet of the proposed licensed premises, has appealed the opinion and order of the board, contending that the board abused its discretion by approving the transfer in the face of evidence concerning the playground and its operation, which evidence the borough argues requires a refusal of the transfer. The borough in fact suggests that the board ignored and failed to even consider the existence of the playground and the evidence concerning its use, and as support for this assertion, points to the failure of the board to include a finding of fact or conclusion of law relating to the playground, or to anywhere mention or refer to the playground in its

---

1. It is noted that counsel for petitioners each of whom testified in the hearing on appeal, advised the court and all parties at argument that if permitted to intervene as parties appellant, no further testimony would be offered. Accordingly, petitioners' purpose in seeking leave to intervene as parties appellant is apparently two-fold: (1) to permit a review of the board's finding that approval of the transfer will not adversely affect the welfare, health, peace and morals of the neighborhood within a radius of 500 feet, and (2) to preserve an appeal to the Commonwealth Court from the opinion of this court.

opinion and order. Such contention requires a review of the record below and the action of the board.

Section 404 of the Liquor Code furnishes statutory guidance to the board in determining the propriety of a license transfer. That section in pertinent part provides:

"[I]n the case of . . . the transfer of any license to a new location the Board may, *in its discretion*, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital . . . or public playground." (Emphasis added)

By this section, the legislature has endowed the board with the discretion to approve or refuse transfer applications: Bilinsky, et al. v. Liquor Control Board, 7 Pa. Commonwealth Ct. 312, 315, 298 A. 2d 698, 699 (1972). In reviewing the exercise of that discretion on appeal, the function of the Court of Common Pleas is not to substitute its discretion for that of the board, but merely to determine whether the board abused its administrative discretion as granted by section 404: Club Oasis, Inc. Liquor License Case, 200 Pa. Superior Ct. 439, 188 A. 2d 792 (1963); Gismondi Liquor License Case, supra. Before this court may set aside the action of the board, a clear abuse of administrative discretion must appear, and the hearing de novo required on appeal by section 464 of the Liquor Code is not for the purpose of enabling the court to exercise its discretion in complete disregard of the action of the board, but rather to permit the court to determine whether a clear abuse appears: Bilinsky, et al. v. Liquor Control Board, supra.

In the case at bar, not only did the board take testimony concerning the playground and its operation at the first hearing, but convened a second

hearing devoted almost entirely to the subject. It cannot be doubted that the board was at least aware of the second hearing as the opinion itself refers specifically, by date, to such hearing. It is equally true, however, that the opinion contains no finding or conclusion relating to the playground.

Section 464 of the Liquor Code directs the board upon *refusing* a transfer application to "file of record at least a brief statement in the form of an opinion of the reasons for the ruling or order." The section is silent, however, with respect to the board's duty, if any, when it *approves* a transfer application. Notwithstanding language to the contrary in Club Oasis, Inc. Liquor License Case, supra,[2] the court perceives the rule to be as enunciated in Hotchkiss Liquor License Case, 169 Pa. Superior Ct. 506, 510, 83 A. 2d 398, 399 (1951). The board is not required to make findings when it approves the transfer of a license, although it may well be the "better part of discretion" for it to do so. See also Haase Liquor License Case, 184 Pa. Superior Ct. 356, 134 A. 2d 682 (1957) and Cialella Liquor License Case, 191 Pa. Superior Ct. 526, 159 A. 2d 64 (1960).

It is not necessary, however, that we endeavor to resolve the apparent conflict on the point engendered by Hotchkiss, Haase and Cialella on the one hand, and Club Oasis on the other. In the absence of findings by the board, the court may properly make its own: Weiss Liquor License Case, 187 Pa. Superior Ct. 89, 142 A. 2d 385 (1958), and we will undertake to do so.

Upon reviewing the whole record, including the record below and that made here, and upon consideration of the proximity of the playground to the proposed licensed premises, the good character,

---

2. Which language the court believes to be dictum, and in any event, limited to the factual setting in that case.

record and reputation of the applicant, the hours of proposed operation of the proposed licensed premises and the playground, the nature of the business proposed to be conducted at the proposed licensed premises as well as the predominance of college students as proposed patrons, and other factors appearing in the record, the court finds that transfer of the license to the proposed licensed premises will not be detrimental to the welfare, health, peace or morals of either the neighborhood or the playground and the persons using the same. Having so found, the court must conclude that the transfer of the liquor license heretofore issued to The Barrister Pub, Inc., from 23 West Market Street in West Chester, to the southeast corner of High and Linden Streets in the same community, should be approved.

## ORDER

And now, October 25, 1974, the petition of Walton E. Pedersen and Margaret M. Pedersen for leave to intervene as parties appellant nunc pro tunc is hereby denied and dismissed; the appeal of the Borough of West Chester from the opinion and order of the Pennsylvania Liquor Control Board is hereby dismissed; and the order of the Pennsylvania Liquor Control Board is hereby affirmed.